453 So.2d 689 (1984)
William G. BURGIN
v.
MISSISSIPPI STATE BAR.
Conf. Misc. No. 109-A.
Supreme Court of Mississippi.
July 18, 1984.
*690 Joe O. Sams, Jr., Thomas L. Kesler, Sams & Kesler, Columbus, for appellant.
Andrew J. Kilpatrick, Jr., Jackson, for appellee.
En Banc.
SULLIVAN, Justice, for the Court:
Petitioner Burgin was admitted to the practice of law in the State of Mississippi on June 2, 1947, and practiced in the Courts of this state until being disbarred by this Court by Consent Order dated January 22, 1981, which order related back to September 12, 1979, the date upon which petitioner was originally suspended.
Petitioner was convicted in Cause No. J78-00021(N) in the United States District Court for the Southern District of Mississippi. The conviction was for violation of Section 371 of Title 18 of the United States Code, being the felony of conspiracy to defraud the United States of America. On July 24, 1980, the United States Court of Appeals for the Fifth Circuit affirmed the conviction, as recorded in United States v. Burgin, 621 F.2d 1352 (1980).
Petitioner filed his first Petition for Reinstatement on September 13, 1982. The Bar opposed the Petition, and on December 15, 1982, this Court denied the Petition for Reinstatement. This present Petition for Reinstatement was filed on February 24, 1984, more than one year after the date of the last adverse determination and in accordance with Rule 12 of the Rules of Discipline for the Mississippi State Bar as adopted by this Court on September 7, 1983.
The reinstatement of suspended or disbarred attorneys is governed by Rule 12 of the Rules of Discipline. This is true, even though the Rules may not have been in effect at the time of the suspension or disbarment. Rule 12.6 of the Rules of Discipline provides what jurisdictional matters must be contained in, or proven by a Petition *691 for Reinstatement. This Rule provides as follows:
Contents of Reinstatement Petitions-jurisdictional matters. All reinstatement petitions shall be addressed to the Court, shall state the cause or causes for suspension or disbarment, give the name and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct, the making of full amends and restitution, the reasons justifying reinstatement, and requisite moral character and legal learning to be reinstated to the privilege of practicing law . .. The matters set out in this paragraph shall be jurisdictional.
Petitioner Burgin takes the position that when he filed his second Petition for Reinstatement the State of Mississippi had taken a voluntary non-suit in its action against him and that he only had information and belief that a new suit had been filed, and that the filing of a new action by the State of Mississippi had been stayed by the trial judge. Based upon these facts, the Petitioner asserts that for the purposes of this Petition he is not indebted to any person or entity, private or governmental, in any manner inconsistent with the requirements for reinstatement to the practice of law.
We find this position to be without merit. First, Petitioner refused process in the second suit filed by the State of Mississippi on the same day this Petition was filed. Further, the voluntary non-suit was granted to the State in the first action against the Petitioner for the purpose of refiling to include new named defendants. It follows that Petitioner knew at the time of the dismissal that the new suit would be filed. Further, the pendency or non-pendency of a suit by the State against the Petitioner is not the sole determining factor on the restitution issue. We need look no further than the opinion in United States v. Burgin, supra, where the Court found that Burgin knew, and had a duty to inform the Department of Public Welfare that the contract could have been entered for much less. He did not. This clearly indicates a direct pecuniary loss to the State of Mississippi. Furthermore, as a direct result of Petitioner's conviction an audit of the State Department of Public Welfare was done by the office of Health and Human Services and as a result of the audit based upon the conviction, and the negotiations between the Department of Public Welfare and the Office of Health and Human Services, the amount of disallowances in Title XX contracts now stands at approximately $400,000.00. If this disallowance stands, the State of Mississippi will suffer a direct pecuniary loss of that amount as a direct result of the conduct of the Petitioner for which he was convicted.
Rule 12.6 requires that the Petition contain reasons justifying reinstatement. The Rule also requires that the Petitioner maintain the requisite moral character and legal learning to qualify for reinstatement. This Petition is silent as to these requirements. Failure to comply with the requirements of Rule 12 is jurisdictional.
We find that the Petitioner has failed to list all persons, parties, firms or legal entities who suffered pecuniary loss due to his improper conduct. Further, he has made no showing of full amends and restitution to those persons so injured. Petitioner has stated no reason justifying reinstatement and has failed to reference the requisite moral character or to provide information regarding the requisite legal learning to qualify for reinstatement to the privilege of practicing law. This is jurisdictional. The burden of proving that he has rehabilitated himself and re-established the requisite moral character sufficient to entitle him to reinstatement is upon the Petitioner. Ex Parte Marshall, 165 Miss. 523, 147 So. 791 (1933). The fundamental question to be addressed before reinstatement is the attorney's rehabilitation in conduct and character since the disbarment. Mississippi State Bar Association v. Wade, 250 Miss. 625, 167 So.2d 648 (1964). These issues were not addressed in this Petition and we, therefore, cannot address them.
*692 The Petition for Reinstatement is dismissed.
DISMISSED WITHOUT PREJUDICE.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS and ROBERTSON, JJ., concur.
DAN M. LEE and PRATHER, JJ., not participating.