533 So.2d 443 (1988)
Melvin R. JENNINGS
v.
MISSISSIPPI STATE BAR.
Misc. No. 148-A.
Supreme Court of Mississippi.
October 26, 1988.
As Modified on Denial of Rehearing December 28, 1988.
John A. Nichols, Jackson, for petitioner.
Michael Martz, Jackson, for respondent.
En Banc.
SULLIVAN, Justice, for the Court:
Petitioner Jennings was convicted in the United States District Court for the Southern District of Mississippi of four felonies under Title 18, Section 287 of the United States Code. The specific convictions involve the presentation of false claims for reimbursement to an agency of the United States Government. Jennings' convictions were affirmed by the United States Court of Appeals for the Fifth Circuit in U.S. v. Jennings, 724 F.2d 436 (5th Cir.1984), and by the United States Supreme Court in U.S. v. Jennings, 467 U.S. 1227, 104 S.Ct. 2682, 81 L.Ed.2d 877 (1984).
By Order of this Court on November 15, 1984, petitioner Jennings was disbarred from the practice of law in the State of Mississippi. Said Order was filed with the clerk of this Court on November 21, 1984.
On January 13, 1988, Jennings petitioned for reinstatement under Rule 12 of the Rules of Discipline for the Mississippi State Bar. On February 10, 1988, the State Bar answered this Petition and filed a Motion to Dismiss it for failure to pay costs. The Motion to Dismiss was denied, and on or about March 16, 1988, this Court denied the Bar's request to appoint a Special Master, and ordered the Bar to conduct an investigation pursuant to Rule 12.8, and file their report with this Court on or before April 29, 1988.
On April 29, 1988, the Bar filed its report, and Jennings filed his Reply to the Bar Report on May 18, 1988.
Reinstatement is governed by Rule 12 of the Rules of Discipline. Burgin v. MS State Bar, 453 So.2d 689, 690 (Miss. 1984). The burden of proving entitlement rests with the petitioner, and our fundamental inquiry is whether the petitioner has rehabilitated himself in conduct and character since his disbarment. Id. at 691.
Rule 12 requires the Petition for Reinstatement to contain certain matters which are jurisdictional:
(12.7) Contents of Reinstatement Petitions  Jurisdictional Matters.
All reinstatement petitions shall be addressed to the Court, shall state the cause or causes for suspension or disbarment, give the names and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct, the making of full amends and restitution, the reasons justifying reinstatement, and *444 requisite moral character and legal learning to be reinstated to the privilege of practicing law. Upon filing, the petition shall be served on, and an investigatory fee of $500.00 shall be paid to the Bar, same to be in addition to any other sum due the Bar, or persons injured by the petitioner's improper conduct. The matters set out in this paragraph shall be jurisdictional.
Furthermore, the petitioner shall be required to take the Multi-State Professional Responsibility Exam, and achieve "a scaled score of not less than 80," if the Complaint Tribunal finds good cause to require such. (12.5).
In his petition, Jennings makes general allegations that he has conducted himself in a reasonable manner since disbarment, and has fully complied with the terms and conditions of his sentence; that he has been able to maintain a home for himself and family; that he has been gainfully employed and active in the community; that he feels that he has been, and will continue to be, a solid and constructive citizen; that he is fully rehabilitated and will prove to be of service to his community and profession; that he has continued to study and keep abreast of developments in the law; that he has fulfilled all of the requirements of statute pertaining to making full amends and restitution; that he has paid the required investigation fee; that prior to disbarment he was an active member of the Bar for ten years, and made contributions to the advancement of the legal profession, and; that, if reinstated, he can and would be a valuable asset to the Mississippi State Bar, the people, and the profession. Jennings has attached letters from members of the State Bar, and other citizens, offering their support for his reinstatment. No real proof of Jennings' allegations are offered and he relies instead upon their conclusory nature.
At the outset we are satisfied that the Petition for Reinstatement filed by Jennings fails to meet the jurisdictional requirements of Rule 12. Burgin v. MS State Bar, supra. Here, as in Burgin, Jennings has failed to list the names and addresses of persons, parties, firms, or legal entities who suffered a pecuniary loss due to his conduct. There has been no showing that the petitioner has made full amends and restitution. Jennings has also failed to provide sufficient information regarding the necessary legal learning to be reinstated. The pleading of conclusions is not sufficient to satisfy the requirements of Rule 12. These failures are jurisdictional, and they reveal that Jennings has not carried the burden of proving himself worthy of reinstatement. See Burgin, 453 So.2d at 691.
The Mississippi State Bar argues that as a matter of policy no attorney should be re-admitted who has been convicted of one or more felonies. Surely conviction of four felonies is sufficient to call into question the ethical foundations underlying Jennings' desire to practice law in this State.
While we are inclined to agree with the Bar's position as a matter of policy, we do not reach that question on this petition as Jennings has failed to satisfy the jurisdictional requirements and the petition is therefore dismissed without prejudice.
JENNINGS' PETITION FOR REINSTATEMENT DISMISSED WITHOUT PREJUDICE.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, GRIFFIN and ZUCCARO, JJ., concur.
ANDERSON, J., not participating.