649 So.2d 850 (1995)
In re the MATTER OF the Reinstatement to Practice Law of Douglass Talmadge BAKER.
No. 94-BR-00177.
Supreme Court of Mississippi.
January 26, 1995.
*851 Mark A. Nelson, Bryan Nelson Randolph Land & Weathers, Hattiesburg, for petitioner.
Charles J. Mikhail, Pascagoula, for respondent.
EN BANC.
JAMES L. ROBERTS, Jr., Justice, for the Court:

INTRODUCTION
Through this petition former attorney, Douglass Talmadge Baker, seeks reinstatement of his license to practice law in Mississippi. For the reasons enunciated below, this Court grants the petition.

STATEMENT OF THE FACTS[1]
Douglass Talmadge Baker was duly authorized to practice law in Mississippi by a decree of the Chancery Court of Forrest County, Mississippi, rendered February 16, 1968, in Cause No. 25,575. Approximately, in March 1973, Baker embezzled the sum of $9,042.00 belonging to his client, Geraldine Barnette Blakely, administratrix of the estate of Theodore Barnette, deceased. Baker also embezzled $800.00 belonging to his client, Mrs. Gladys Williams Jemison. Subsequently, Baker pled guilty to two counts of felonious embezzlement and was disbarred in Cause No. 30,072 in the Chancery Court of Forrest County, Mississippi in March 1973.
The $9,042.58 embezzled from the Estate of Theodore Barnett was paid by Fidelity and Deposit Company of Maryland, the "bonding company", to the First Mississippi National Bank in Hattiesburg where the Estate account was maintained. The bonding company then made a claim against Baker. Baker made arrangements with the bonding company's attorney, Frank Montague, Jr., for repayment in installments.
Baker contends that First Mississippi National Bank is no longer in business and never made a claim against him. Although the Estate was made whole, the bank incurred a $1,500 deductible. Thereafter, First Mississippi National Bank merged with the Bank of Mississippi which is still in business. The Bar's investigative report revealed in 1982 that Baker made no effort to repay the deductible for the $1,500.00 loss. Baker is willing however, to make payment to a charitable institution designated by the Court.
According to a letter from Frank D. Montague, Jr., counsel for Fidelity and Deposit Company of Maryland, Baker executed a promissory note in the amount of $10,800.00 on April 8, 1976. The installment payments which Baker actually made in the following six years totaled only $3,142.00. Eventually, Fidelity and Deposit Company of Maryland agreed to acceptance of a compromise offer of $3,750.00 which was paid on September 16, 1985. Montague further explains that since Fidelity and Deposit Company of Maryland never received full payment of its claim, no payment was made by it to the Bank of Mississippi. Montague does support Baker's reinstatement.
The last client from whom Baker embezzled money, Gladys Williams Jemison, explained to Bar Counsel that Baker made full restitution before he went to prison in 1973. Five preschool children were to receive $25 each but Baker embezzled those funds also. According to the Bar's investigatory report, no charges were brought because the amount was minimal. Baker and Jemison both claim that he repaid the money to the children before he went to prison. The Bar's investigatory report revealed that only one of the five families could be located and the mother knew nothing about the settlement.
The Mississippi State Bar takes no position on the reinstatement of Baker but asks the Court to define what constitutes "full amends and restitution" under Rule 12 of the Rules of Discipline because Baker failed to make full restitution. Furthermore, the Bar asks that if the Court allows reinstatement that Baker must pass the entire bar exam and Multi-State Professional Responsibility Exam as required by Rule 12.
*852 Baker has previously applied for reinstatement to the practice of law but was denied on May 12, 1982, per Conf.Misc. No. 102 in the Supreme Court of Mississippi. The Court listed several reasons for the denial:
(1) Baker never paid the Mississippi State Bar the $500.00 investigatory fee required by Miss. Code Ann. § 73-3-337;
(2) Baker never made full restitution to Fidelity and Deposit Company of Maryland;
(3) Baker failed to answer interrogatories propounded to him by the Mississippi State Bar until the Supreme Court ordered him to do so; AND
(4) Baker's sworn petition alleged that he had made full restitution for any losses, and his response to the ordered interrogatories conceded that he had not made restitution and owed in excess of $13,000 to Fidelity and Deposit Company of Maryland.

POST DISBARMENT CONDUCT
Baker has been fully discharged from his sentences. On October 21, 1980, Governor William F. Winter ordered that any civil rights lost by Baker due to his convictions were restored. Baker has studied at Mississippi State University and the University of Southern Mississippi. Baker has served on numerous boards of directors including:
(a) "Beginning Again in Christ", which assists former prisoners upon re-entry into society;
(b) Southeast Mississippi Community Action Agency; and
(c) South Mississippi Opportunity Industrialization Center, Inc.
Baker has actively worked with the Freedom Prison Ministries, Inc. and attended numerous legal seminars, and kept current with reported cases. Baker pled guilty to driving under the influence approximately ten years ago. The only medication that he receives is Adalat for his high blood pressure. Baker has submitted an impressive legal reading list. Numerous bar members and community leaders support his reinstatement. Baker is willing to take the entire MS Bar Exam in order to regain reinstatement.

DISCUSSION
Baker was convicted of two counts of felonious embezzlement. The embezzlement was from his clients, Geraldine Barnette Blakely, administratrix of the estate of Theodore Barnette, and Mrs. Gladys Williams.
Although the Rules of Discipline were not in effect at the time, it is helpful to examine them in light of Baker's actions. Rule 1(a) of the Rules of Discipline provides that the Supreme Court has exclusive jurisdiction of matters relating to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys. Underwood v. MS Bar, 618 So.2d 64, 67 (Miss. 1993). The Court's review in this matter is de novo and it sits as a trier of fact and is not bound by the substantial evidence or manifest error rule. MS Bar v. Mathis, 620 So.2d 1213, 1218 (Miss. 1993).
Punishment is imposed on attorneys by examining each case and no set standard governs such punishment. Mathis, at 1219. When the Court reviews sanctions for misconduct, factors to consider include:
(a) nature of the misconduct involved;
(b) need to deter similar misconduct;
(c) preservation of the dignity and reputation of the legal profession;
(d) protection of the public; AND
(e) sanctions imposed in similar cases.
Stegall v. MS Bar, 618 So.2d 1291, 1294 (Miss. 1993); Culpepper v. MS Bar, 588 So.2d 413, 420 (Miss. 1991).
This Court also considers the ABA Standards for Imposing Attorney Sanctions as these standards "present helpful guidelines". Stegall, at 1295. ABA Standard 3.0 states that a court should consider:
(a) the duty violated;
(b) the attorney's mental state;
(c) the potential or actual injury caused by the attorney's misconduct; AND
(d) the existence of aggravating or mitigating factors.
If the Rules of Discipline had been in effect at the time Baker committed the embezzlements, he certainly would have violated *853 Rule 1.15(b) which provides that an attorney shall not co-mingle, convert, or mishandle a client's funds. Any of these acts by an attorney constitute "the cardinal sin  mishandling a client's money". Haimes v. Mississippi Bar, 601 So.2d 851 (Miss. 1992). An appearance of "gross impropriety arises even if the transaction is otherwise benign." Haimes, at 854.
Applying the considerations of the Court to the case at bar, Baker's conduct was certainly serious misconduct as he embezzled two of his client's funds. The need to deter such future conduct is without question. Disbarment serves to help preserve the dignity and reputation of the legal profession and also ensures protection of the public from such conduct.
The last factor to consider concerns sanctions imposed in similar cases. In the Sykes case, the Court did not hesitate to disbar an attorney who pled guilty to conspiracy to embezzle funds and stated that Rule 6 mandates automatic disbarment. Mississippi Bar v. Sykes, 637 So.2d 192 (Miss. 1994). However, the Court has reinstated disbarred attorneys with similar violations. Mississippi State Bar v. Phillips, 385 So.2d 943 (Miss. 1980), (Attorney disbarred after being convicted of nine felony counts of conspiring to defraud the United States government); reinstated in Phillips v. Mississippi State Bar, 427 So.2d 1380 (Miss. 1983).
Furthermore, Rule 12 of the Rules of Discipline requires that Baker:
(a) make full amends and restitution to those who incurred a pecuniary loss due to his misconduct;
(b) demonstrate the requisite legal learning (e.g., keep current with post-disbarment legal developments),
(c) rehabilitate himself since disbarment and demonstrate the requisite moral character.
Matter of Reinstatement of Nixon, 618 So.2d 1283 (Miss. 1993); citing Burgin v. Mississippi State Bar, 453 So.2d 689 (Miss. 1984).
Baker has continued to study the developments in the law since his disbarment and has read numerous legal articles and rules. His post-disbarment conduct, including participation in community activities, indicate rehabilitation and requisite moral character. Baker has been employed as a full-time teacher in a preschool in order to support himself. He has no job offer but plans to share office space with a local attorney.
The crux of the issue before this Court is what is "full amends and restitution"? If Baker has not satisfied full amends and restitution then this Court will dismiss on jurisdictional grounds. Jennings v. Mississippi State Bar, 533 So.2d 443, 444 (Miss. 1988); and Burgin v. Mississippi State Bar, 453 So.2d 689, 691 (1984). Baker owed the First Mississippi National Bank a $1,500 deductible. He failed to pay this deductible. However, thereafter, the First Mississippi National Bank merged with the Bank of Mississippi and it is still in business.
Again, Montague explained that since Fidelity and Deposit Company of Maryland never received full payment of its claim, no payment was made by it to the Bank of Mississippi. Montague does support Baker's reinstatement.
Much of the case law concerning full amends and restitution concerns situations where the attorney failed to submit the names and addresses of all the parties who incurred a pecuniary loss and failed to make full amends. See Jennings v. Mississippi State Bar, 533 So.2d 443, 444 (Miss. 1988); Burgin v. Mississippi State Bar, 453 So.2d 689 (Miss. 1984). These cases do not define full amends and restitution. We apply a "plain meaning rule" in order to define "full amends and restitution."
The plain meaning of "full amends and restitution" means exactly what it says: Baker must make complete and total restitution to all parties who suffered a pecuniary loss. These words are clear and unambiguous and proper construction of them requires interpretation as written. Lowery v. Guaranty Bank and Trust Co., 592 So.2d 79 (Miss. 1991); citing State Farm Mutual Auto Insurance Company v. Gregg, 526 So.2d 554, 556 (Miss. 1988); Ford v. Lamar Life Insurance Co., 513 So.2d 880 (Miss. 1987). Under this standard, Baker has failed to make full amends. Baker failed to pay the $1,500.00 *854 deductible of the Bank of Mississippi to Fidelity and Deposit Company of Maryland which was handling collections for the bank. Despite the fact that First Mississippi National Bank merged with the Bank of Mississippi, Baker still owes the money, as the Bank of Mississippi "includes" First Mississippi National Bank and First Mississippi never received payment for the deductible.

CONCLUSION
This Court has carefully examined the "Petition of Douglass Talmadge Baker for Reinstatement of His License to Practice Law", documentary evidence, relevant rules, and case law. This examination has led to the conclusion that Baker has met his burden of "proving that he has rehabilitated himself and re-established the requisite moral character sufficient to entitle him to reinstatement." Burgin v. Mississippi State Bar, 453 So.2d 689, 691 (Miss. 1984); citing Ex parte Marshall, 147 So. 791, 165 Miss. 523 (1933)).
The Mississippi State Bar takes no position on this Petition requesting only that this Court define what "full amends and restitution" means which we have done supra. We hold that Baker has fully rehabilitated himself in accordance with Rule 12 and the established guidelines in the cases. Except for his failure to pay full amends and restitution to the Bank of Mississippi, Baker has completed the necessary requirements for reinstatement.
The evidence submitted in support of rehabilitation include: (1) letters concerning moral fitness from bar members and community leaders; (2) participation in community activities; (3) employment subsequent to disbarment; and, (4) recognition of the wrongs he committed.
Since Baker has demonstrated his rehabilitation, this Court grants the petition for reinstatement on the condition that Baker pay the full $1,500.00 deductible to the Bank of Mississippi to comply with our "full amends and restitution" requirement, and successfully take the entire Mississippi Bar Exam and the Professional Responsibility Exam.
PETITION TO REINSTATE DOUGLASS TALMADGE BAKER TO PRACTICE LAW GRANTED CONTINGENT UPON HIS COMPLIANCE WITH THE "FULL AMENDS AND RESTITUTION" REQUIREMENT AND SUCCESSFUL PASSAGE OF THE MISSISSIPPI BAR EXAM AND MULTISTATE PROFESSIONAL RESPONSIBILITY EXAMINATION.
HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN, PITTMAN, BANKS and SMITH, JJ., concur.
McRAE, J., dissents with separate written opinion.
PRATHER, P.J., joins in results only.
McRAE, Justice, dissenting:
Although the events that led to Baker's disbarment occurred many years ago, this gentleman stole from his clients. Absent some very serious exception, this should be an unpardonable "sin." Therefore, I dissent.
PRATHER, P.J., joins this opinion in results only.
NOTES
[1] Many of the facts are taken from the petitions filed and the original court record on disbarment as the deposition did not cover these areas.