DAN M. LEE, Presiding Justice, for the Court:

ORDER OF REINSTATEMENT

This matter came before this Court, sitting en banc, on the “PETITION OF WILLIAM G. BURGIN, JR., FOR REINSTATEMENT TO THE PRACTICE OF LAW” and the Response to that Petition filed by the Mississippi State Bar (“Bar”). The Court, being fully advised in the premises, is of the opinion that the Petition of William G. Burgin, Jr., should be granted subject to fulfillment of the conditions of reinstatement as discussed infra.
I.
William G. Burgin, Jr. (“Petitioner”), was originally admitted to the practice of law in the State of Mississippi on June 2, 1947. Following his conviction for commission of a felony, by Consent Order dated January 22, 1981, Petitioner was disbarred from the practice of law, effective as of September 12, 1979.
On September 13, 1982, Petitioner filed his first petition for reinstatement with this Court. That Petition was denied. Thereafter, on February 24, 1984, Petitioner filed a second petition for reinstatement which was also denied by this Court because, inter alia, Petitioner had not made a showing of full amends and restitution pursuant to the requirements of Rule 12 of the Rules of Discipline. Burgin v. Mississippi State Bar, 453 So.2d 689 (Miss.1984). Petitioner filed the petition sub judice, his third petition for reinstatement, on January 26, 1994.
The Bar does not oppose the Petition. However, the Bar advises the Court of the Bar’s concern as to whether Petitioner has made “full amends and restitution” as required by Rule 12. The Bar also suggests that, as a condition of any reinstatement, Petitioner be required to take and pass the complete Bar examination, as administered by the Mississippi Board of Bar Admissions, as well as the Multi-State Professional Responsibility Exam. We agree that, as conditions precedent to reinstatement to the practice of law, Petitioner should make restitution in full and successfully take and pass the complete Bar Examination, as well as the Multi-State Professional Responsibility Exam.
II.
Petitioner was a Mississippi State Senator and served continuously from 1952 through 1978, with the exception of a four-year term from 1959-1963. During his tenure, he served as Chairman of the Senate Finance Committee, and, upon its creation in 1964, he served as the Chairman of the Senate Appropriations Committee.
As a result of his involvement in the improper use of his position of influence, Petitioner, along with others, was convicted in the United States District Court for the Southern District of Mississippi for conspiracy to defraud the United States government. The fraud concerned a “kick-back” scheme involving contracts that were awarded to private companies. The sum of all the “kickbacks” paid to Petitioner and his co-conspirators totalled $354,000.00. Of that amount, Petitioner received $83,000.00.
Petitioner’s conviction carried a sentence of fifteen months in the penitentiary and required payment of a fine in the amount of $10,000.00. On July 24, 1980, the United States Court of Appeals for the Fifth Circuit affirmed Petitioner’s conviction. United States v. Burgin, 621 F.2d 1352 (1980).
In Cause No. 123,959 in the Chancery Court of the First Judicial District of Hinds County, Mississippi, the State of Mississippi filed a civil complaint against Petitioner and others. The lawsuit was based, in part, on Petitioner’s conviction for conspiracy, and it sought $1,067,858.50 in damages, asserting that the funds sought were directly attributable to Petitioner’s, and others’, fraudulent actions and resultant conviction. Thereafter, on July 16, 1984, a default judgment in the amount of $1,067,858.50 was entered as a “final judgment” of joint and several liability *42 against Petitioner and some, but not all, of the other defendants. Three years later, on August 10, 1987, the remaining defendants in that action were dismissed.
The default judgment against Petitioner was never set aside. However, in 1985, Petitioner filed for bankruptcy protection and relief. Therein, Petitioner listed the State of Mississippi as an unsecured creditor in the amount of $1,067,858.50, labeling such amount as “unliquidated, contingent and disputed.” Later in 1985, by Order entered by the United States Bankruptcy Court, Petitioner was discharged of all his debts, except any debt that was “non-dischargeable.”
III.
The reinstatement of disbarred attorneys to the practice of law is governed by Rule 12 of the Rules of Discipline of The Mississippi Bar. Jennings v. Mississippi State Bar, 533 So.2d 443 (Miss.1988); Burgin v. Mississippi State Bar, 453 So.2d 689, 690 (Miss.1984). Rule 12 states that:
(a) No person suspended or disbarred shall be reinstated to the privilege of practicing law except upon petition to the Court.
(b) Reinstatement to the practice of law shall be only upon proof of compliance with any such sanctions.
The guidelines for reinstatement to the Bar are set forth in Rule 12.7 of the Rules of Discipline and also in Miss.Code Ann. § 73-3-337 (Supp.1993). The language of the statute basically tracks that of Rule 12. It states, inter alia:
Upon the termination of the period of suspension, the convicted attorney may be reinstated by the court, pursuant to a petition filed with the court....
Any time after the expiration of three (3) years from the date of the final judgment of disbarment, the convicted attorney may petition the court for reinstatement. The petition shall be in writing and verified by the Petitioner, and it shall set forth the full name, age, residence and mailing address of the petitioner, the offense or misconduct for which he was disbarred, a concise statement of the facts claimed to justify restoration and that he has made full amends and restitution to all persons, firms or legal entities, naming them, who may have suffered pecuniary loss by reason of misconduct or offense for which he was disbarred.
[[Image here]]
If the court is satisfied that all material allegations of the petition for reinstatement are true and that the ends of justice will be served, the court may reinstate the convicted attorney and enter judgment accordingly. ...
Miss.Code Ann. § 73-3-337 (Supp.1993). The Rule 12 guideline requirements for reinstatement have been succinctly stated in a prior case where this Court stated:
[A] petitioner must show that: (1) he has made “full amends and restitution to those” who incurred a pecuniary loss due to his misconduct; (2) he has the requisite legal learning (e.g., that he has kept himself abreast of post-disbarment legal developments); and (3) he has rehabilitated himself since disbarment and has the requisite moral character.
Of utmost import, “[t]he fundamental question to be addressed before reinstatement is the attorney’s rehabilitation in conduct and character since disbarment.”
Matter of Reinstatement of Nixon, 618 So.2d 1283, 1287 (Miss.1993) (citations and footnote omitted).
IV.
After review of the Petition and the Response of the Bar, consideration of all the pertinent facts, and thorough evaluation of the matter, the Court finds:
(1) That the Court has jurisdiction over the parties and the subject matter hereto;
(2) That Petitioner was admitted to the practice of law in the State of Mississippi on June 2, 1947;
(3) That Petitioner was convicted of the felony of conspiracy to defraud the United States of America;
(4) That Petitioner was sentenced to serve fifteen months in the penitentiary and ordered to pay a $10,000.00 fine;
*43 (5) That Petitioner was properly disbarred from the practice of law in the State of Mississippi, effective as of September 12, 1979, the date of original suspension of Petitioner;
(6) That Rule 12 of the Rules of Discipline of the Mississippi Bar and Miss.Code Ann § 73-3-337 (Supp.1993), govern reinstatement to the Mississippi Bar;
(7) That more than three years have elapsed between the final Judgment of Disbarment and the filing of Petitioner’s written Petition on January 26, 1994;
(8) That Petitioner has complied with the formal requisites of petitioning for reinstatement;
(9) That Petitioner has stated satisfactory reasons justifying reinstatement to the privilege of practicing law;
(10) That Petitioner has demonstrated that he has rehabilitated himself and possesses the requisite moral character to practice law;
(11) That Petitioner has stayed abreast of the law;
(12) That the Mississippi Bar neither opposes nor supports the Petition;
(13) That the Petition is supported by numerous lawyers and lay people;
(14) That, however, Petitioner has not made full amends and restitution as required by Rule 12 of the Rules of Discipline;
(15) That the ends of justice will be served by conditionally granting the Petition.
THEREFORE, IT IS ORDERED AND ADJUDGED:
(a) That the Petition filed by the Petitioner, William G. Burgin, Jr., requesting the reinstatement of Petitioner to the privilege of practicing law, is hereby conditionally granted, and William G. Burgin, Jr., is eligible for readmission to the Bar and the practice of law; and
(b) That the conditions for the reinstatement of William G. Burgin, Jr., to the practice of law are as follows:
(1)That William G. Burgin, Jr., must first make full amends and restitution by paying to the State of Mississippi, the sum of $83,000.00, plus interest calculated from July 16, 1984, the date of the final judgment entered against him in Cause No. 123,959 of the Chancery Court of the First Judicial District of Hinds County, Mississippi, discussed supra;
(2) That after William G. Burgin, Jr., satisfies the immediately preceding prerequisite of making full amends and restitution, he must take the complete Bar Examination administered by the Mississippi Board of Bar Admissions, and achieve the score then required for admission to the Bar by new attorneys, as provided in Rule 12.5 of the Rules of Discipline of the Mississippi Bar; and
(3) That after William G. Burgin, Jr., satisfies the initial requirement of making full amends and restitution, he must take the Multi-State Professional Responsibility Exam, as prepared by the National Conference of Bar Examiners, and achieve a scaled score of not less than eighty (80), as provided in Rule 12.5 of the Rules of Discipline of the Mississippi Bar.
SO ORDERED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN and JAMES L. ROBERTS, JJ., concur.
McRAE, J., dissents with separate written opinion joined by BANKS, J.
SMITH, J., not participating.