McRAE, Justice,
dissenting:
By ordering the reinstatement of William G. Burgin, Jr., contingent in part upon the restitution of $83,000.00 plus interest, the majority places a price tag on moral fitness and character. Accordingly, I dissent.
The order reinstating Burgin suggests to the legal community that once disbarred, one need only send in a check or money order to reestablish one’s fitness to practice law. In effect, we are telling the bar to tear out Rule 12(b) of the Rules of Discipline for the Mississippi State Bar, which provides for reinstatement only upon proof of compliance with any sanctions given. Disregard our decision in Burgin v. Mississippi State Bar, 453 *44 So.2d 689 (Miss.1984), where we stated “[t]he burden of proving he has rehabilitated himself and re-established the requisite moral character sufficient to entitle him to reinstatement is upon the petitioner.” Id. Forget anything we have said about lying to this or any other court.
Evidence presented by the Bar indicates that Burgin long has held a substantial interest in the Columbus Television Cable Corporation, now valued at between $400,000.00 and $700,000.00. He transferred the CTCC stock certificates to his wife’s name in September, 1978, contemporaneous with his indictment and conviction. In 1993, the shares were transferred back into joint name between Burgin and his wife. He again transferred the stock into his wife’s name only in February, 1994, after his Petition for Reinstatement was filed. Burgin successfully sheltered these assets from his 1984 bankruptcy proceedings.
In 1984, the Burgin Court noted that the petitioner had “made no showing of full amends and restitution to those persons so injured.” 453 So.2d at 691. Eleven years have passed; the value of Burgin’s CTCC stock surely has grown. Whether titled in joint name or only in his wife’s, Burgin has been sitting comfortably upon a small fortune and complaining that he can’t pay. He still has shown no remorse nor made restitution. Yet we have given him one more chance to buy his way back into the legal profession.
Today we have reduced the price tag on moral character and fitness to $83,000.00 plus interest. No longer is the burden on the disbarred attorney to prove his fitness for reinstatement. Instead, we’ll just gladly cash his check. Accordingly, I dissent.
BANKS, J., joins this opinion.