McRAE, Justice,
dissenting:
Rule 12.8 of the Rules of Discipline of The Mississippi Bar states:
Contents of Reinstatement Petitions— Jurisdictional Matters.
All reinstatement petitions shall be addressed to the Court, shall state the cause or causes for suspension or disbarment, give the names and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct, the making of full amends and restitution, the reasons justifying reinstatement, and requisite moral character and legal learning to be reinstated to the privilege of practicing law.
(as amended March 12, 1990)(emphasis added).
Upon the termination of the period of suspension, the petition shall be in writing and verified by the Petitioner, and it shall set forth the full name, age, residence and mailing address of the petitioner, the offense or misconduct for which he was suspended, a concise statement of the facts claimed to justify restoration and that he has made full *1050 amends and restitution to all persons, firms or legal entities, naming them, who may have suffered pecuniary loss by reason of misconduct or offense for which he was suspended. Miss.Code Ann. § 73-8-387 (Supp.1993). If the Court is satisfied that all material allegations of the petition for reinstatement are true and that the ends of justice will be served, the Court may reinstate the convicted attorney and enter judgment accordingly. Id.
When an attorney has been suspended, “[t]he Court’s fundamental inquiry is whether [the attorney] has rehabilitated himself in conduct and character since the suspension was imposed.” In re Petition of Mathes, 653 So.2d 928, 929 (Miss.1995). To show a rehabilitated character, a previously suspended attorney must show a firm resolve to live a correct life as evidenced by outward manifestation sufficient to convince a reasonable mind clearly that the person has reformed. In re Underwood, 649 So.2d 825, 829 (Miss.1995). “The suspended attorney seeking reinstatement has the burden of proving to this Court that he has the requisite moral character for reinstatement to the practice of law.” Id.
In the past, this Court has considered many things in support of rehabilitation, including letters concerning moral fitness from bar members and community leaders, participation in community activities, employment subsequent to punishment, and recognition of wrongs committed. In re Baker, 649 So.2d 850, 854 (Miss.1995). Although not explicitly mentioned in Rule 12 of the Rules of Discipline, the recognition that one has committed wrongs and that the sanction was appropriate is a fundamental step in the rehabilitative process. Most petitioners for reinstatement have been willing to make this admission. See Underwood, 649 So.2d at 827 (petitioner stated that his actions were “flat wrong” and that he takes responsibility for his actions); In re Reinstatement of Tucker, 656 So.2d 799, 803 (Miss.l995)(petitioner supported argument for reinstatement by no longer contesting disbarment as appropriate sanction); Mississippi State Bar Ass’n v. Wade, 250 Miss. 625, 630, 167 So.2d 648 (1964)(petition-er made no frank admission of nature of dishonest acts to any testifying witnesses); Ex Parte Marshall, 165 Miss. 523, 540, 147 So. 791, 792-793 (1933)(petitioner expressed regret for any connection he had with matter causing disbarment).
It is noted that the petitioner, Jack Land, has yet to recognize that he did wrong or that he violated the Rules of Professional Conduct. The Mississippi Bar has neither supported nor opposed Mr. Land’s petition for reinstatement. Evidently, the Bar and the majority of this Court now feel that this recognition of wrongdoing is no longer a prerequisite to reinstatement to the Bar. Accordingly, I dissent on this issue only.
It also appears that Land may have acted as a lawyer for a family member In re the Guardianship of William Land Smothers, Minor, Hinds County Chancery Court No. P-96-50. “A person disbarred or suspended shall not be permitted to practice law until restored to that privilege by the Court by way of an appeal or petition for reinstatement.” Rules of Discipline for the Mississippi State Bar, Rule ll(a)(1990). Because Land’s actions were undertaken while he was suspended, he has gone beyond the bounds of his punishment. The Bar and Land both failed to point this out for our consideration. Therefore, the petition should be temporarily delayed for further investigation and responses into this matter.