*370
 
 GRAVES, Justice,
 

 for the Court.
 

 ¶ 1. This case is before the Court upon the petition of Raymond L. Wong, who seeks reinstatement to the Mississippi Bar following a six-month suspension. Wong was suspended for failure to respond to his clients, failure to pursue his clients’ criminal appeals, failure to respond to informal complaints from the Mississippi Bar (the “Bar”), and non-cooperation with the Bar complaint process.
 

 FACTS
 

 ¶2. Prior to his suspension, Wong had been a solo practitioner in multiple practice areas since 1983 and a public defender since 1984. On June 28, 2007, Wong was suspended by the complaint tribunal for a period of six months for violating Rules of Professional Conduct 1.2, 1.3, 1.4, 8.1(b), and 8.4(a), (d). M.R.P.C. 1.2, 1.3, 1.4, 8.1(b), and 8.4(a), (d). These violations stem from four of Wong’s cases.
 

 ¶ 3. In the first case, Wong’s client was Darryl Hawkins, whom Wong was appointed by the court to represent on a criminal matter. Hawkins had three prior convictions, including one for a violent crime. Wong represented him for a burglary charge. The prosecution offered Hawkins a plea bargain wherein Hawkins would be sentenced to seven years in prison. Hawkins refused the plea offer and proceeded to trial. At trial, Hawkins’ co-defendant testified against him, and the jury convicted Hawkins. He was then sentenced to life without parole. After reviewing the trial transcript, Wong could not find a viable claim for appeal and did not file an • appellate brief on Hawkins’ behalf. Wong claims that he informed either Hawkins or Hawkins’ mother that he was unable to find any issues on which to base an appeal. When asked why he did not respond to Hawkins’ attempts to contact him, Wong stated that Hawkins had called him collect and that Wong did not accept collect calls. Hawkins’ appeal was dismissed.
 

 ¶ 4. When asked why he did not respond to the Bar complaint, Wong said that he received it but he “just put it in the corner,” and he did not respond “[bjecause I knew I screwed up.” Wong said that he did not file a brief as required by the tribunal because “I knew I was going to get punished for what I did, so I’d just take the punishment.” The complaint tribunal suspended Wong for six months for his violations in this case.
 

 ¶ 5. In the second case, Wong represented Timothy Scribner, who was also charged with burglary. Wong stated that he only appeared in court on Scribner’s behalf one time-at the bail hearing. He stated that Scribner was also charged with another felony in Cleveland, Mississippi, and that Scribner told Wong that he could hire his own attorney. Wong explained that he did not respond to Scribner’s attempts to contact him because he was under the impression that Scribner had hired his own attorney.
 

 ¶ 6. When asked why he did not respond to the Bar complaint, Wong said that he was “in the middle of court term. I pushed it aside. When we’re in court term for six weeks, we’re on a rocket docket. We have to be instantaneous [sic] ready with all our cases and all our witnesses .... We have no continuances.” Wong said that he failed to respond to the formal complaint because by the time he was prepared to respond, the deadline had expired. He admitted that his failure to respond to the formal complaints in both the Scribner and Hawkins cases was his fault. Wong was suspended by the tribunal for six months for the Scribner case, to run concurrently with the Hawkins suspension.
 

 
 *371
 
 ¶ 7. In the third case, Wong represented Clarence Bennett, who was on lifetime parole because of a murder conviction. While on parole, Bennett was accused of shooting at a neighbor during a dispute. Police officers subsequently found a firearm in Bennett’s residence. As a result, Bennett was charged with possession of a firearm by a convicted felon and aggravated assault, and his parole was revoked.
 

 ¶ 8. Bennett wished to proceed to trial on the charges, and he was convicted on both charges. As with Hawkins, Bennett wished to pursue an appeal, but Wong was unable to find a viable issue to raise on appeal. Wong could not remember at the deposition whether or not he informed Bennett that he was not going to file an appellate brief. Bennett’s appeal was dismissed.
 

 ¶ 9. Wong had no explanation as to why he did not respond to the Bar complaint for the Bennett case. He said he was aware that he was required to respond, but he did not. However, Wong did respond to the formal Bar complaint, which also involved Wong’s client Jimmy Giles. Wong was suspended by the tribunal for thirty days for the Bennett case, to run concurrently with the six-month suspension.
 

 ¶ 10. In the Giles case, Wong represented Giles in a multiple-defendant capital murder case. The tribunal found no violations related to the attorney-client relationship in the Giles case. However, the tribunal found that Wong had not responded to the informal Bar complaint, and Wong could not give an explanation for his failure to respond. Wong was suspended by the tribunal for thirty days for the Giles case, also to run concurrently with the six-month suspension.
 

 ¶ 11. Following the decision of the complaint tribunal, Wong notified his clients, adverse parties, and courts and agencies of his suspension in writing pursuant to Mississippi Rule of Discipline 11(c). Miss. R. Disc. 11(c). During his suspension, Wong has been supporting himself primarily with his savings, although he acted as a notary for two real estate closings and earned modest fees for doing so. After his suspension, but during the time in which he sought reinstatement, Wong conducted another closing as a notary. Wong stated that he informed the parties involved in the closings that he was not acting as an attorney. Wong stated that he had not engaged in any unauthorized practice of law or held himself out to be a lawyer in any way. He spent most of his time during his suspension organizing his office papers.
 

 ¶ 12. Following his six-month suspension, Wong filed a Petition for Reinstatement on January 2, 2008, and an Amended Petition for Reinstatement on January 22, 2008. The Bar deposed Wong and submitted an answer to Wong’s petition. Wong also submitted certificates of completion •for his continuing legal education hours.
 

 ANALYSIS
 

 ¶ 13. It is well-established that this Court has “exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys.”
 
 In re Kelly,
 
 987 So.2d 925, 928 (Miss.2008) (quoting
 
 In re Morrison,
 
 819 So.2d 1181, 1183 (Miss.2001)). This Court conducts a de novo review of the evidence in disciplinary matters, acting as triers of fact on a case-by-case basis.
 
 In re Kelly,
 
 987 So.2d at 928 (citing
 
 In re Morrison,
 
 819 So.2d at 1183). The main inquiry in determining whether or not to grant reinstatement is whether the petitioner has rehabilitated himself.
 
 In re Kelly,
 
 987 So.2d at 929 (citing
 
 In re Steele,
 
 722 So.2d 662, 664 (Miss.1998)). The petitioner bears the burden of proving by clear and convincing evidence that reinstate
 
 *372
 
 ment is warranted based on tbe petitioner’s rehabilitation and requisite moral character.
 
 In re Kelly,
 
 987 So.2d at 929 (quoting
 
 Burgin v. Miss. State Bar,
 
 453 So.2d 689, 691 (Miss.1984)).
 

 ¶ 14. Mississippi Rule of Discipline 12 requires that “[r]einstatement to the practice of law following any other discipline shall be only upon proof of compliance with any such sanctions.” Miss. R. Disc. 12. This Court in
 
 In re Benson,
 
 890 So.2d 888, 890 (Miss.2004) set out five jurisdictional requirements for Rule 12 reinstatements:
 

 The petitioner must: (1) state the cause or causes for suspension or disbarment; (2) give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct; (3) make full amends and restitution, (4) show that he has the necessary moral character for the practice of law; and (5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law.
 

 Id.
 
 at 890 (citation omitted). This Court also stated that the recommendation of the Bar should also be taken into account.
 
 In re Kelly,
 
 987 So.2d at 929 (citing
 
 In re Holleman,
 
 826 So.2d 1243, 1248 (Miss. 2002)).
 

 1. Cause or Causes for Suspension
 

 ¶ 15. In his Petition for Reinstatement of January 22, 2008, Wong set out the bases on which he was found to have violated the Rules of Professional Conduct. During his deposition, he demonstrated his knowledge of the underlying facts of the cases and informed the Bar of the circumstances under which he violated the Rules of Professional Conduct.
 

 2. Names and Current Addresses of All Persons, Parties, Firms, or Legal Entities Who Suffered Pecuniary Loss Due to the Improper Conduct
 

 ¶ 16. Wong stated in his Petition for Reinstatement and at the deposition by the Mississippi Bar that no individuals suffered a pecuniary loss as a result of his misconduct and suspension. However, he acknowledged that he caused some of his clients harm because they were forced to find other attorneys to represent them.
 

 3. Making of Full Amends and Restitution
 

 ¶ 17. Wong stated that, in addition to notifying his clients of his suspension in writing, he returned all case files, papers, money and unused attorney’s fees, and other property belonging to his clients within fourteen days of the complaint tribunal’s decision. He further notified all courts, agencies, and adverse parties in his cases of his suspension. Wong has paid $1,080.54 in costs and expenses associated with the investigation of his violations.
 

 4. Requisite Moral Character
 

 ¶ 18. Wong testified that he has been a member of the Exchange Club, a service organization that advocates against child abuse. Three letters of recommendation were submitted with the Petition for Reinstatement. One of the letters was written by a judge, before whom Wong regularly appeared. The other two letters were written by lawyers. All three letters that were submitted urged that Wong be reinstated.
 

 ¶ 19. The letter from the judge stated that he “anxiously awaits Mr. Wong’s return to the practice of law because he was one of three court-appointed attorneys who handled felony criminal cases in Bolivar County. Mr. Wong performed excellently until the time of his infractions which led to his suspension.” One of the letters from the attorneys was unsolicited by Wong. This lawyer stated that Wong
 
 *373
 
 “served diligently” on the Mississippi Public Defender’s Association and had always been a competent lawyer. The third letter described Wong as a “valuable and tireless member of our Bolivar County Bar Association” and said that Wong is “always willing to tackle the more difficult criminal cases that many others chose not to handle.” This lawyer also stated that Wong “worked many long hours striving to improve the quality of our Bolivar County Law Library.” At the deposition, Wong appeared to be under the impression that other individuals would submit letters on his behalf by sending letters directly to the Bar, although none of these letters are included in the evidence before this Court.
 

 ¶ 20. Wong stated that he has spent much of his time during his suspension taking care of his elderly parents. His ninety-two-year-old father suffers from dementia, so Wong assisted his eighty-two-year-old mother in taking care of his father. Wong stated that he does not have any mental health problems. Wong has not been charged with any crimes during his suspension.
 

 5. Requisite Legal Education
 

 ¶ 21. Wong was not required by the complaint tribunal to take the Multi-State Professional Responsibility Exam. He stated in his Petition for Reinstatement and at his deposition that for the August 2007 period, he had completed more than twelve hours of continuing legal education. Wong submitted certificates of completion for 1) “So Little Time, So Much -Paper: Time Management,” for which he earned six hours toward his continuing legal education requirements; 2) “The Essentials of Law Office Management: Business Skills for Attorneys,” for which he earned seven- and-a-half hours toward his continuing legal education requirements; and 3) the Mississippi Public Defenders Spring 2008 Conference, for which he earned seven hours toward his continuing legal education requirements. The first two courses concerned law office management. Wong stated that he also attended the “2008 Summary of Recent Mississippi Law” on March 21, 2008, for which he earned six hours toward his continuing legal education requirements, but stated that documentation of the credits would be sent to the Mississippi Commission on Continuing Legal Education by the presenters.
 

 ¶ 22. Wong stated at his deposition that he stays current on the law by thinking of ways to attack Mississippi Rule of Evidence 803(25), the child hearsay rale, in future cases. In addition, he has been studying
 
 Crawford v. Washington,
 
 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), as well as keeping up with new United States Supreme Court and Mississippi Supreme Court cases through two briefing services.
 

 Recommendation of Bar
 

 ¶ 23. After conducting a deposition of Wong and an investigation into the merits of his Petition for Reinstatement, the Bar recommends that Wong be reinstated to the practice of law, on the condition that he certify to the Court that he completed twelve hours of continuing legal education hours in law office management, twelve hours of continuing legal education hours in professional responsibility, and twelve hours of continuing legal education required by the Bar to maintain his law license.
 
 [1]
 
 The Bar was, however, con
 
 *374
 
 cerned that Wong did not provide satisfactory explanations of his failure to communicate with clients, to cooperate with the Bar disciplinary process, and to file appellate briefs for his clients. The Bar was also concerned that Wong was unable to demonstrate more peer or community support for his rehabilitation, character, and fitness to practice law.
 

 ¶ 24. It is the opinion of this Court that Wong has learned his lesson and has concrete plans to comply with Bar complaints and to communicate better with his clients in the future. If reinstated, Wong plans to return to being a court-appointed criminal defense attorney and return to his solo practice. He stated at the deposition and in his Petition for Reinstatement that he will be sure to answer all Bar complaints that he may receive in the future and refer his criminal appeals to the Office of Indigent Appeals, which had not been accepting cases at the time of Wong’s violations. He added that in criminal appeals in which he can find no arguable issues, he will file a
 
 Lindsey
 
 brief with this Court.
 
 Lindsey v. State,
 
 939 So.2d 743 (Miss. 2005). He also said that since Hawkins’ appeal was reassigned to the Office of Indigent Appeals, he would stay informed and see what issues are presented to the Court on appeal. He explained that, in the future, if he is assigned to represent someone at a court appearance, he will ensure that he continues to represent them as long as they sign an affidavit of indigency. He also said that he would be more organized in terms of keeping track of all his clients. He emphasized that he learned his lesson and that he completed the complaint tribunal’s requirements of him. He stated that he will respond to any future Bar complaints to avoid being suspended again. Wong said that his suspension has had a great personal effect on him because he is accustomed to being very active in his work, but his suspension has limited him to merely reading and organizing his papers at his office.
 

 ¶25. After a de novo review of the papers before this Court, we conclude that Wong should be reinstated. Although he may not have given the impression at his deposition that he has taken his suspension and the underlying reasons for his suspension seriously, he has shown that he put significant thought into improving his conduct in the future. He has also completed the requirements set out by Rule of Discipline 12. Furthermore, the Bar ultimately recommends that he be reinstated. The letters of recommendation submitted strongly urge Wong’s reinstatement. Both the letters of recommendation and the deposition transcript demonstrate that Wong is a competent and knowledgeable attorney and public defender.
 

 ¶ 26. This Court finds that Wong has proven by clear and convincing evidence that he has rehabilitated himself and is worthy of reinstatement. However, we hope that he is indeed able to communicate better with his clients in the future. This Court understands that although public defenders are often overworked because of their high caseloads, and although they are undercompensated for their work, the law still demands that attorneys keep their clients, indigent or not, informed of the developments in their cases, especially ones as important as the status of their appeals.
 

 CONCLUSION
 

 ¶ 27. This Court holds that Wong’s Petition for Reinstatement should be granted on the condition that he certify to this Court and to the Mississippi Bar within thirty days of the hand-down of this opinion that he has completed twelve hours of continuing legal education in professional responsibility.
 

 
 *375
 
 ¶ 28. PETITION OF RAYMOND L. WONG FOR REINSTATEMENT TO THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI IS CONDITIONALLY GRANTED.
 

 SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.
 

 [1]
 

 . It appears that Wong has certified that he completed the twelve hours of continuing legal education to maintain his law license and the twelve hours of continuing legal education in law office management, but has not certified that he completed twelve hours of continuing legal education in professional responsibility.