538 So.2d 772 (1989)
MISSISSIPPI STATE BAR
v.
Joseph Patrick GAUTIER.
Conf.Misc. No. 167-A.
Supreme Court of Mississippi.
February 1, 1989.
*773 Roger K. Doolittle, Jackson, for petitioner.
Michael B. Martz, Jackson, for respondent.
En Banc:
PRATHER, Justice, for the Court:
This opinion seeks to address a societal problem of monumental proportions. The misuse of chemical substances is a complex problem that is affecting the legal profession as it is other facets of our society. This Court is asked to address the problem within our profession with the view of protecting both the integrity of the bench and bar as well as the clients and constituents that they serve.
Joseph Patrick Gautier, a 40 year old disbarred attorney and the petitioner herein, seeks reinstatement as an attorney in good standing in the Mississippi State Bar pursuant to Rule 12 of the Rules of Discipline of the Mississippi State Bar, adopted January 1, 1984 by this Court. The counter part of this rule is found in Miss. Code Ann. § 73-3-337 (Supp. 1987). Such authority to reinstate a disbarred attorney upon conditions rests in this Court. Phillips v. Mississippi State Bar, 427 So.2d 1380 (Miss. 1983). William F. Randle v. Mississippi State Bar (Conf.Misc. No. 136) (entered in Minute Book BW 1-25-84).
The petitioner pled guilty in the Circuit Court of the First Judicial District of Hinds County, Mississippi, to the charge of possession of cocaine in violation of Miss. Code Ann. § 41-29-139 (Supp. 1983). For this conviction, Gautier was sentenced to a three (3) year term in the Mississippi Department of Corrections, suspended upon completion of Lifemark Program[1] and confession of disbarment. That crime is among the types of offenses contemplated by Rule 6 of the Rules of Discipline of the Mississippi State Bar to be conclusive evidence as to petitioner's guilt, and Joseph Patrick Gautier was so disbarred on April 12, 1984. The petition for reinstatement is filed more than three years after the petitioner's disbarment on April 12, 1984, in accordance with Rule 12.1 of the Rules of Discipline.

I.
Seeking reinstatement, the petitioner alleges: (a) that there is no injured party to whom restitution is owed, (b) that he has studied the Rules of Professional Conduct effective July 1, 1987, and attended a continuing legal education seminar, (c) that he has submitted himself to an in-patient and out-patient treatment center for drug addiction and has had a continuing relationship with Alcoholics Anonymous and Narcotics Anonymous for the last three years, and (d) filed his $500.00 investigatory fee to the Mississippi State Bar. The jurisdictional requirements of Rule 12.7 of the Rules of Discipline have been met.
Attached to his petition are letters of recommendations from his friends, employers, attorneys, pastors, public officials, and a work history since disbarment.

II.
An Answer was first filed by the legal counsel for the Mississippi State Bar agreeing in the correctness of the facts of disbarment, but asserting that it had insufficient information to admit the allegations of the petitioner's rehabilitation, and therefore denying the same. (Rule of Discipline 12.8).
However, by a subsequent Amended Answer, the Mississippi State Bar through its Board of Bar Commissioners, suggested certain other affirmative matters that led the Mississippi State Bar to oppose reinstatement of the petitioner to the practice of law. The appointment of a Master or Tribunal was suggested to this Court by the Board of Bar Commissioners to hear and consider the issue of reinstatement. The petitioner Gautier also sought the convening of a tribunal appointed by this Court for the purpose of testimony and *774 proof if the Board of Bar Commissioners disagreed with the requested reinstatement of petitioner.

III.
Rule 12 of the Rules of Discipline for the Mississippi State Bar adopted September 7, 1983, effective from and after January 1, 1984, controls the procedure of this request. Rule 12 provides, in pertinent part, as follows:
(12.8) Board of Bar Commissioners. Upon receipt of the reinstatement petition, the (Mississippi Supreme) Court shall allow the Board of Bar Commissioners a reasonable time to conduct an investigation and answer the petition. After filing of pleadings or notice on behalf of the Bar, the proceeding shall continue, if necessary or desirable, as the (Mississippi Supreme) Court may direct and the (Mississippi Supreme) Court, in its discretion, may grant or deny the petition as circumstances and justice require.
(12.9) Matters of public record. All petitions for reinstatement shall be matters of public record, Rule 15 notwithstanding.
Since the Mississippi State Bar has by Amended Answer opposed the petition, this Court determined that it was desirable that a Tribunal be convened to conduct a hearing on this petition filed by Joseph Patrick Gautier and opposed by the Mississippi State Bar through its general counsel. Since the Rules for Reinstatement do not specify the powers and duties of the Tribunal on reinstatement petitions, this Court designated that the procedure, powers, and duties of Rule 8 of the Rules of Discipline be generally followed where applicable, excepting that the Tribunal consider the Petition of Reinstatement and its request for relief, rather than complaint of disbarment. Additionally, at the conclusion of the hearing the Tribunal was directed to file a written opinion with this Court incorporating a finding of fact and its recommendation for this Court's final consideration on Gautier's petition for reinstatement.
Additionally, this Court called attention to Rule 12.5 of the Rules of Discipline which provides:
Examination Requirements. Subsequent to the time of eligibility for reinstatement, the petitioning attorney shall take the Multi-State Professional Responsibility Exam, as prepared by the National Conference of Bar Examiners, and achieve a scaled score of not less than 80, if the Complaint Tribunal determines, on a case by case basis, that good cause exists to require the applicant for reinstatement to take such test.

IV.
By order of this Court on February 3, 1988, this matter was referred to a Complaints Tribunal for hearing, and on July 25, 1988, the Tribunal[2] held a full evidentiary hearing in this matter. At the hearing, Gautier appeared with counsel and the Mississippi State Bar appeared through its general counsel in opposition to the sought reinstatement. All parties were afforded full opportunity to present evidence, both oral and documentary. Subsequent to the hearing and at the request of Gautier, appropriate orders were entered supplementing the record to include additional documentary evidence to accept the offer of petitioner to submit to future drug screening for a period of two years.
In its October 27, 1988 Opinion, the Tribunal unanimously recommended to this Court that the petition of Gautier for reinstatement to the practice of law in Mississippi be granted. As a basis for that recommendation the Tribunal made the following findings:
(1) Gautier successfully completed the four week in-patient therapy program at the Lifemark Recovery Center in Byram, Mississippi, and thereafter successfully completed the three month out-patient program provided by said facility. He has continued a relationship with Alcoholics *775 Anonymous and Narcotics Anonymous throughout the period from completion of the recovery therapy to the time of the hearing. Gautier submitted to the Tribunal the results of the drug screening test voluntarily taken immediately after the date of the hearing, and has offered to submit to periodic drug screening testing for a period of two years in the future with reports thereof filed with the Complaint Counsel for the Bar.
(2) Following disbarment, Gautier has devoted substantial amounts of time and effort in drug counseling of youth groups and all persons who would listen to him. He has made serious and continuing effort to help others avoid the same similar tragic and disastrous consequence by engaging in such thoughtless conduct.
(3) Gautier has become drug free and the Tribunal believes his assertion that he no longer has any desire to use or abuse cocaine or any other mind-altering illegal substance.
(4) The evidence is undisputed that Gautier, since his disbarment, has lived an exemplary life, has become fully rehabilitated and is now worthy of being reinstated to the practice of law.
(5) On March 18, 1988, Gautier took and passed the multi-state professional and responsibility exam with the scale score of 135, thus meeting the requirement of Rule 12.5 of the Rules of Discipline, and has complied with all other requirements of the law and the Rules of Discipline to be granted reinstatement.

V.
In considering reinstatement this Court has said:
A court in such a proceeding, is not administering punishment; it is passing upon character. We do not believe it requires a long period to discipline and effect a rehabilitation of character. A firm resolve to live a correct life evidenced by outward manifestation sufficient to convince a reasonable mind clearly that the person has reformed is only required. In restoring a disbarred attorney, the principal question is whether that particular attorney would be safe to assist in administering justice, if readmitted... .
Phillips v. Mississippi State Bar, 427 So.2d 1380, 1382 (Miss. 1983); Williams v. Mississippi State Bar Association, 492 So.2d 578, 580 (Miss. 1986); Ex Parte Marshall, 165 Miss. 523, 147 So. 791, 798 (1933).
The burden of proving rehabilitation and reestablishment of requisite moral character is upon the attorney seeking reinstatement. Burgin v. Mississippi State Bar, 453 So.2d 689, 691 (Miss. 1984); Ex Parte Marshall, 165 Miss. 523, 147 So. 791 (1933). "The fundamental question to be addressed before reinstatement is the attorney's rehabilitation in conduct and character since disbarment." Burgin at 691; Mississippi State Bar Association v. Wade, 250 Miss. 625, 167 So.2d 648 (1964).
Testimony before the Complaints Tribunal revealed that Gautier had overcome his drug addiction and has, since his disbarment, worked honestly and steadfastly to rehabilitate not only himself but others with whom he has come in contact. He has tried to keep abreast of legal developments and has tried his best to provide financially for his family.
The requirements for reinstatement, as set out in Miss. Code Ann. § 73-3-337 (Supp. 1988), provides that this Court may order reinstatement if it is satisfied "that all material allegations of the petition for reinstatement are true and that the ends of justice will be served... ." Williams at 580. The evidence reveals that Gautier has fulfilled all the requirements required by Miss. Code Ann. § 73-3-337 (Supp. 1988) and Rule 12 of the Rules of Discipline. In addition, he has offered to submit to periodic drug screening for a period of two years with reports thereof filed with the Complaint Counsel for the Bar.

VI.
Recognizing the chemical dependency problem among members of the legal profession, the Mississippi State Bar, through its Board of Bar Commissioners organized a Lawyers and Judges Assistance Program *776 to provide confidential help to fellow professionals suffering from alcohol and chemical abuse. The Young Lawyer Division of the Mississippi State Bar also has a Substance Abuse Program for high school students. This Court's action today is in response to and in support of these education and rehabilitation programs.

VII.
On compliance with the Rules of Discipline and on submission to a random drug screening for a period of two years, this Court grants reinstatement to Joseph Patrick Gautier as an attorney in good standing as a member of the Mississippi State Bar, being satisfied that the allegations of the petition for reinstatement are true and that the ends of justice will be served. However, the reinstatement is conditioned as follows: Joseph Patrick Gautier shall present himself to the Mississippi State Bar within one week of the release of this opinion for a drug testing at a testing facility approved by the Mississippi State Bar Lawyers and Judges Assistance Committee, and at his expense. Future drug testing of Gautier for a period of two years is directed to be required by the Mississippi State Bar under its Lawyers and Judges Assistance Program at random times and intervals at Gautier's expense and at a facility approved by the Lawyers and Judges Assistance Program, and the results reported to this Court.
PETITIONER REINSTATED TO THE PRACTICE OF LAW.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
PITTMAN, J., not participating.
NOTES
[1] Lifemark Program is an in-patient treatment program for chemical dependency.
[2] The Tribunal consisted of Chancellor Sebe Dale, Presiding Judge, and Carol L. Henderson and David A. Crawford, attorneys.