670 So.2d 843 (1996)
In re Petition of David H. MASSEY for Reinstatement to the Practice of Law.
No. 95-BR-00500-SCT.
Supreme Court of Mississippi.
February 5, 1996.
Rehearing Denied April 11, 1996.
David H. Massey, Pensacola, Pro Se.
Michael B. Martz, Jackson, for respondent.
En Banc.
PRATHER, Presiding Justice, for the Court:

PROCEDURAL HISTORY
Petitioner, David H. Massey (Massey), was disbarred via an Agreed Order of Disbarment filed with the Mississippi Supreme Court on June 18, 1990. Massey's first petition for reinstatement was filed herein on June 18, 1993, and said petition was denied by the Court on February 10, 1994, without prejudice. See Petition of Massey, 633 So.2d 452 (Miss. 1994). On May 15, 1995, Massey filed this, his second Petition for Reinstatement with this Court.

FACTS
Massey pled guilty in the United States District Court for the Southern District of Mississippi on or about May 24, 1990, to conspiracy to distribute a controlled substance.[1] Thereafter, Massey was sentenced on August 30, 1990, to serve thirty-five months in the Federal Prison Camp in Pensacola, Florida. Massey was incarcerated in the federal prison camp in Pensacola, Florida, from October 1, 1990, through October 18, 1992; and was thereafter confined to a half-way house from October 18, 1992, through April 12, 1993.
In addition to receiving prison time, Massey was placed on supervised, reporting probation. However, this period of supervised probation has expired, and apparently Massey is no longer under any type of court supervision.

POST-DISBARMENT CONDUCT
Since his disbarment and subsequent release from the federal prison camp in Pensacola, Massey has been employed within the field of law. This is not to say, however, that Massey has practiced law. For example, from October 22, 1993, to May 1, 1994, Massey was employed as a legal assistant in the Pensacola office of the Northwest Florida Legal Services Corporation. After this position *844 was terminated due to a loss of funding, Massey accepted a job with David Ware, an attorney from New Orleans who opened an immigration practice in Florida, where Massey works as a legal assistant as of the date of this petition.
While in prison, Massey joined the Catholic Church and was involved in several charitable organizations associated with the Church. Massey presented letters from some priests and a nun which indicated they believe that he has, in effect, "atoned" for his earlier wrongdoing. Some of the letters make note of Massey's work in aiding indigents in obtaining legal advice through various programs.
Throughout Massey's arrest, disbarment and incarceration he has maintained his marriage. In addition to his wife, Massey has two daughters who are enrolled in Florida colleges.

LAW
The Mississippi Supreme Court has exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys. Matter of Reinstatement of Nixon, 618 So.2d 1283, 1287 (Miss. 1993); Burgin v. Mississippi State Bar, 453 So.2d 689, 690 (Miss. 1984). Rule 12.1 of the Rules of Discipline for the Mississippi State Bar provides: "The petition for reinstatement shall not be filed until three (3) years after the date the order of disbarment became final." In the case sub judice, this is Massey's second petition for reinstatement before this Court and he has complied with the mandate of Rule 12.1.
Next, Rule 12.7 provides:
All reinstatement petitions shall be addressed to the Court, shall state the cause or causes for suspension or disbarment, give the names and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct, the making of full amends and restitution, the reasons justifying reinstatement, and requisite moral character and legal learning to be reinstated to the privilege of practicing law. Upon filing, the petition shall be served on, and investigatory fee of $500.00 shall be paid to the Bar, same to be in addition to any other sum due the Bar, or persons injured by the petitioner's improper conduct. The matters set out in this paragraph shall be jurisdictional.
See Jennings v. Mississippi State Bar, 533 So.2d 443, 444 (Miss. 1988) (Court dismissed petition for reinstatement on jurisdictional grounds when petitioner failed to comply with Rule 12.7).
In the case at bar, Massey's Petition for Reinstatement is addressed to this Court and outlines the reason for disbarment. Massey claims that no pecuniary loss was involved and thus, he does not owe monetary restitution. To support this contention, Massey submitted a document entitled "Satisfaction of Judgment" from the United States Attorney for the Southern District indicating that Massey has satisfied the judgment in his criminal conviction.
To demonstrate that he has the requisite moral character to resume the practice of law, Massey submitted letters from friends, employers (past and present), two vice-admirals from the United States Navy, sixteen attorneys from the Mississippi Bar, and several preachers. Many of the letters indicate that the writers have known Massey for some time, and they are confident that Massey regrets his transgressions and learned from his mistake. However, some of the letters indicate that the writers have had little or no contact with Massey since his disbarment. In fact, in one of the letters, the writer stated he did not know why Massey was incarcerated. Thus, it would appear that these letters would not necessarily be helpful to Massey's petition since the writers cannot say firsthand whether Massey now has the requisite moral character to practice law in Mississippi.
Massey submits that he has kept abreast of current trends in the law through his former employment at the North Florida Legal Services Offices where he regularly read the advance sheets for state and federal courts, by having legal discussions with attorneys licensed in Mississippi, Louisiana and *845 Florida, and by attending legal seminars on environmental law and immigration law.
On the other hand, the Bar expresses concern that Massey has lived in Florida since October 1990, and therefore, most of the practitioners who know Massey have not been able to interact with him and adequately determine his moral character. The Bar ultimately takes the position that it does not have sufficient evidence to demonstrate that Massey has the "requisite moral character" to resume the practice of law. In light of this "insufficient evidence," the Bar suggests that this Court appoint a Master, as it did in Williams v. Mississippi State Bar Ass'n, 492 So.2d 578 (Miss. 1986), to conduct an evidentiary hearing to allow Massey the opportunity to prove that he possesses the requisite moral character to be reinstated to the practice of law in Mississippi.
This leads to the question of how does a disbarred attorney demonstrate that his moral character has been rehabilitated? This Court has held that "[w]e do not believe it requires a long period to discipline and effect a rehabilitation of character. A firm resolve to live a correct life evidenced by outward manifestation sufficient to convince a reasonable mind clearly that the person has reformed is only required." Phillips v. Mississippi State Bar, 427 So.2d 1380, 1382 (Miss. 1983) (quoting Ex parte Marshall, 165 Miss. 523, 556, 147 So. 791, 798 (1933)).
Massey directs this Court's attention toward two disbarment cases wherein the attorneys were disbarred for drug-related offenses. First, Massey calls this Court's attention to Williams v. Mississippi State Bar Ass'n, 492 So.2d 578 (Miss. 1986). In Williams, the petitioner was arrested by the State for possession of a "large quantity of drugs." The petitioner pled guilty and was sentenced to three years imprisonment. Id. Williams, like Massey, was disbarred by a consent order of disbarment. Three years after disbarment, Williams filed for reinstatement. This Court appointed a Master (retired Justice R.P. Sugg) to determine if Williams had met the requirements for reinstatement. After hearing from several witnesses, the Master suggested that Williams' petition for reinstatement be denied because the "[p]etitioner has not brought in any witnesses who are intimately acquainted with him to present testimony pertaining to his present honesty, integrity, and moral standards." Williams, 492 So.2d at 580. This Court, however, disagreed with the Master's finding and cited Phillips, supra, and Marshall, supra, and held that Williams had put on sufficient evidence to demonstrate that he had rehabilitated himself. Id. at 580.
Massey's case is similar to that of Williams'. Both men were convicted of drug crimes involving a large quantity of illegal drugs. Both were incarcerated for their crimes. However, Massey served two years for a federal conviction and Williams served eight months for state conviction. Both men were model prisoners. Likewise, both worked in the legal field after being released from confinement and, upon petitioning the Court for reinstatement, presented many letters attesting to their good moral character. However, Massey's conviction was for that of dealing in the "distribution" of unlawful drugs. There is a notable difference between a user and a supplier: One lives a life of addiction while the other feeds upon that addiction.
Next, Massey draws our attention to Mississippi State Bar v. Gautier, 538 So.2d 772 (Miss. 1989). In Gautier, the petitioner was arrested and subsequently sentenced to three years in prison for possession of cocaine. Gautier admitted to being addicted to drugs. Gautier, 538 So.2d at 775. Upon his arrest and conviction, the petitioner was disbarred from the practice of law. Id. at 773. After the requisite three years had passed since his disbarment, Gautier petitioned for reinstatement. Id. The Bar opposed Gautier's reinstatement and, in response, suggested that the Court appoint a tribunal to conduct an evidentiary hearing to determine whether Gautier had met the requirements outlined in Rule 12.7 for reinstatement. Id. at 774. The tribunal was convened and after both sides presented their cases, it recommended that Gautier be reinstated. Id. This Court agreed with the tribunal and found that Gautier had overcome his drug *846 addiction and since his disbarment had worked "steadfastly to rehabilitate not only himself but others with whom he has come into contact." Gautier, 538 So.2d at 775. The distinguishing factor in the two cases relied upon by Massey is the nature of the criminal charge. Once again, Gautier was a personal user, whereas Massey was a distributor. The misconduct for which Massey was disbarred was more egregious than that of Williams and Gautier.

CONCLUSION
Because of the seriousness of Massey's offense and because he has demonstrated few, if any, attempts to work with the segment of society that he harmed by distributing drugs, this Court finds that Massey has failed to shoulder his burden and demonstrate to this Court that he has the requisite moral character to practice law. Accordingly, this Court denies Massey's request for reinstatement.
PETITION FOR REINSTATEMENT DENIED.
SULLIVAN, P.J., and SMITH, J., concur.
PITTMAN, J., concurs in result only.
McRAE, J., concurs in part and dissents in part with separate written opinion joined by MILLS, J.
BANKS, J., dissents with separate written opinion joined by DAN M. LEE, C.J., and JAMES L. ROBERTS, Jr., J.
McRAE, Justice, concurring in part and dissenting in part:
I agree with the majority's denial of David Massey's petition for reinstatement to the privilege of practicing law. However, I depart from the majority in that the opinion holds a glimmer of hope for Massey that he might, in some way, rehabilitate himself and practice law again. This writer is of the belief that there are certain felony charges which, upon conviction, should forever deny one the privilege to practice law. Being a major distributor of illegal drugs is one of those felony charges. The practice of law is a privilege, not a right.
Miss. Code Ann. § 99-19-35 provides that:
A person convicted of bribery, burglary, theft, arson, obtaining money or goods under false pretenses, perjury or forgery, embezzlement, or bigamy, shall not be allowed to practice medicine or dentistry, or be appointed to hold or perform the duties of any office of profit, trust, or honor, unless after full pardon for the same.
Involvement in large-scale illicit drug traffic is no less egregious a felony than the crimes enumerated in § 99-19-35. Further, if conviction for one of these crimes is sufficient to prohibit one from practicing the professions of medicine or dentistry, it also should be sufficient, absent a full pardon, to forever restrict one from practicing law, which is no less an "office of profit, trust or honor."
When one is convicted of certain felonies or found to be in violation of certain of our canons or rules of discipline, the fact of disbarment should forever ban one from again calling oneself an attorney or lawyer. This is one of those cases. The terms disbarment and suspension from the practice of law have been used interchangeably in the past. However, there is a marked distinction between the two. A suspension is only temporary, whereas disbarment is permanent. Disbarment in a case like this means that one is forever barred from the privilege of practicing law. Therefore, we should not hold out false hope to Massey that he may be rehabilitated and again practice law.
MILLS, J., joins this opinion.
BANKS, Justice, dissenting:
With deference, I cannot agree that a failure to work with an affected population prior to a petition for reinstatement should be considered, ipso facto, as a negative factor with regard to that petition. I fully agree with the suggestion that engaging in large scale drug distribution is a more egregious offense than succumbing to addiction and the use of drugs. On that ground, I find the result reached by the majority defensible. Distinguishing Williams v. Mississippi State Bar Association on that basis is unpersuasive, *847 however. 492 So.2d 578 (Miss. 1986). After all, Williams was found with sixty pounds of marijuana, suggesting a bit more than mere addiction. Id. at 581. In fact, he pled guilty to possession with intent to distribute both marijuana and methaqualone. Williams v. State, Record Conf.Misc. No. 74.
This is not to condemn the Court's action with regard to Williams or to suggest that, in the end, Massey should be accorded a similar result. It is to say that the cases, on their face, are not sufficiently distinguishable to dispense with the procedural care taken in Williams. I would not reach today's result without more fully examining the circumstances of the offense and the alleged rehabilitation through the mechanism of appointing a special master as we did in Williams.
DAN M. LEE, C.J., and JAMES L. ROBERTS, Jr., J., join this opinion.
NOTES
[1] Massey pled guilty to conspiring to distribute 2400 Ecstasy pills and ten (10) grams of cocaine.