687 So.2d 1219 (1997)
In re Petition of Donald W. MEDLEY for Reinstatement to Practice Law.
No. 95-BR-01160-SCT.
Supreme Court of Mississippi.
January 30, 1997.
Andrew J. Kilpatrick, Jr., Hickman Sumners Goza & Gore, Jackson, for Petitioner.
Michael B. Martz, Jackson, for Respondent.
En Banc.

STATEMENT OF THE CASE
MILLS, Justice, for the Court.
Donald W. Medley was indicted, tried and found guilty in the Forrest County Circuit Court on December 9, 1988, for the embezzlement of a $16,000 check from Engel Realty Company, Inc., which was made payable to his former employer, James K. Dukes. His direct appeal to this Court was denied on May 27, 1992. As a result, the Mississippi Bar filed a formal complaint seeking disbarment, and Medley was subsequently disbarred by order of this Court on July 1, 1992 on the basis of his felony conviction.
Medley filed this petition for reinstatement on November 6, 1995, at least three years after his disbarment became final as required by the Rules of Discipline 12.1. The Mississippi Bar admits Medley has made full amends for his conduct, and no restitution is owed or assessed against him. The Bar also admits, on information and belief, that there are no parties who suffered pecuniary loss due to the conduct for which Medley was disbarred.
Medley lists the following as reasons justifying his reinstatement: his conduct since the incident which led to disbarment, the need to earn a living for his family, and the fact that he possesses all qualifications for reinstatement. Medley maintains that he has the requisite moral character to be reinstated, and claims he has maintained his legal learning through continuing legal education.
The Bar maintains it has not discovered any reason to oppose reinstatement, but takes no position, either in support or in opposition of Medley's reinstatement. James K. Dukes, the individual from whom Medley was convicted of embezzling, has indicated he would not write a letter in opposition or in support of Medley's reinstatement.

LAW
Rule 12 of the Rules of Discipline governs the reinstatement of attorneys who have been disbarred or suspended. See Burgin v. Mississippi State Bar, 453 So.2d 689 (Miss. 1984). The following jurisdictional items must be demonstrated by a petitioner in order to gain reinstatement: 1) full restitution and amends to all those who suffered a pecuniary loss; 2) the requisite legal learning of petitioner; and 3) rehabilitation and the requisite moral character of petitioner since disbarment. Rules of Discipline 12.7; Matter of Reinstatement of Nixon, 618 So.2d 1283, 1287 (Miss. 1993). The fundamental issue *1220 posed by a petition for reinstatement is the attorney's rehabilitation in conduct and character since disbarment. Burgin, 453 So.2d at 691.
The Bar has admitted in its answer that Medley has included in his petition every individual who suffered pecuniary loss, and it is agreed that Medley has made full amends and restitution to these people. The Bar also concedes that Medley will have demonstrated the requisite legal learning when he is permitted to take and successfully passes the Bar Exam. See Rules of Discipline 12.5 (requiring attorneys suspended for six months or longer to pass Mississippi Bar Exam and Multi-State Professional Responsibility Exam prior to reinstatement.) Therefore, the sole issue and focus of this Court's decision regarding reinstatement must focus on Medley's rehabilitation in conduct and character since disbarment. See, e.g, Haimes v. Mississippi State Bar, 551 So.2d 910, 912 (Miss. 1989).
With his petition, Medley submitted many letters of recommendation for reinstatement based on his moral character. See Ex Parte Marshall, 165 Miss. 523, 551, 147 So. 791, 796 (1933) (opinion of those acquainted with individual is admissible evidence of character). After the incident which led to disbarment, Medley was employed at Delmar Industries, a company owned by his sister, and also by several oil companies for the purpose of performing title work. Medley's embezzlement conviction was then affirmed by this Court, and he began serving his ten-year sentence with the Mississippi Department of Corrections facility in Pascagoula. He worked as a clerk assisting in the day-to-day activities of the restitution center, and became involved in several Christian organizations which provided support to inmates and their families. He was transferred to the Harrison County Community Work Center after his first year where he performed work for the Gulfport Police Department in writing their grant proposals, and with the Director of the Gulfport Police Explorer Programs and their summer camp, as well as with several of the Department's fundraising activities. He also was involved with work for the Gulfport City Schools and with adult education programs teaching men to read. Medley also helped Mr. Gerald Gafford, the Inspector General for the Office of the Governor of the State of Mississippi, prepare a report which helped the Governor reap more than one million dollars for the State of Mississippi in the issuance of tax land patents. Based on a report from the State Parole Board, the Governor signed an order effective May 13, 1994, commuting his sentence.
Since his return to Hattiesburg, Mississippi, where he has joint custody of his two boys after a divorce which occurred during his legal troubles, he has been a member of the PTA at both of his boys' schools, a coach for the Hattiesburg Recreation Department and an assistant for his son's soccer team. He is a member of the First Baptist Church in Hattiesburg where he teaches sixth grade Sunday School. He is a member of the Walthall Foundation which works to preserve historical sites, and he has worked with Willmut Gas Company performing non-legal services in negotiating easements and conducting record searches.
Based on the evidence presented, and other decisions by this Court regarding reinstatement, Medley has demonstrated the requisite moral character to practice law. The Mississippi Bar does not assert any opposition to his petition, nor does the individual from whom Medley embezzled money. This Court hereby finds that Donald W. Medley should be reinstated to the practice of law, contingent upon his passage of the Mississippi Bar Exam and the Multi-State Professional Responsibility Exam.

CONCLUSION
Donald W. Medley has fulfilled all the jurisdictional requirements for this Court to consider his petition for reinstatement to practice of law. Because Medley has demonstrated the requisite rehabilitation in conduct and moral character since his disbarment, this Court hereby reinstates Medley contingent upon his passage of the Mississippi Bar and the MPRE.
PETITION TO REINSTATE DONALD W. MEDLEY TO PRACTICE LAW GRANTED CONTINGENT ON HIS PASSAGE *1221 OF THE MISSISSIPPI BAR EXAM AND MULTI-STATE PROFESSIONAL RESPONSIBILITY EXAM.
DAN LEE, C.J., and PITTMAN, BANKS, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
McRAE, J., dissents with separate Written Opinion.
PRATHER and SULLIVAN, P.JJ., not participating.
McRAE, Justice, dissenting:
While Medley has demonstrated good conduct and moral character since his disbarment and has fulfilled the jurisdictional requirements for this Court to consider his petition for reinstatement to practice law, I disagree with the majority's decision to reinstate him contingent upon his passage of the Mississippi State Bar Examination and the MultiState Professional Responsibility Examination.
Medley was disbarred after receiving a felony conviction for the embezzlement of a $16,000 check made payable to his former employer. In In re Petition of Massey for Reinstatement, 670 So.2d 843, 846 (Miss. 1996), this Court denied the petition for reinstatement of an attorney convicted of conspiring to distribute a controlled substance after we concluded that in light of the seriousness of the offense committed, the petitioner had failed to demonstrate the requisite rehabilitation. As in Massey, I would find that Medley's conduct was particularly egregious because it directly reflected upon his truthfulness and honor. Considering the position of trust occupied by an individual licensed to practice law, conviction for a crime such as embezzlement should require a substantially greater amount of relevant evidence to demonstrate the requisite rehabilitation before reinstatement will be granted. Although Medley has conducted himself well since his disbarment, the evidence presented is insufficient to demonstrate that he is unlikely to engage in similar misconduct in the future or that he is sufficiently rehabilitated to again be afforded the privilege of practicing law. Unfortunately, certain crimes for which an attorney may be convicted should preclude him from ever again practicing law  to wit, embezzling money from a client, partner or employer or selling drugs to minors. Accordingly, I would deny Medley's petition for reinstatement.