BANKS, Justice,
for the Court:
This is a petition for reinstatement. After considering the matter the Court concludes that the Petitioner should be reinstated once he complies with Rule 12.5 of the Rules of Discipline for the Mississippi Bar by passing the Mississippi Bar Examination.

STATEMENT OF THE CASE

The Mississippi State Bar filed a formal complaint against Bob L. McHann claiming that McHann was convicted of a crime that was among the types of crimes contemplated by Rule 6 of the Rules of Discipline for the Bar, in that said crime is a misdemeanor involving fraud, dishonesty, misrepresentation, or deceit, warranting the imposition of automatic disbarment. Thereafter, the Court found that McHann was convicted in the United States District Court for the Southern District of Mississippi for the crime of falsifying a document in violation of 18 U.S.C. § 1012, and was fined $500. (Cause No. J90-00070B). On March 18, 1993, this Court entered an Order of Disbarment against McHann. (See Cause No. 91-BA-29).
McHann had been an attorney whose practice concentrated in the area of real estate. Since his disbarment, McHann has worked as a real estate broker. McHann now petitions this Court for reinstatement.

DISCUSSION

The Court based the order of disbarment on the finding that the offense for which McHann was convicted was among the types of offenses contemplated by the Rules of Discipline for the Mississippi Bar. In particular, the Court found that MeHann’s conviction violated Rule 6 of the Rules of Discipline which triggers automatic disbarment pursuant to the commission of a misdemeanor involving dishonesty, fraud, deceit or misrepresentation.
Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be *423 convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contendere therein, or tender a plea pursuant to the provisions of the Miss.Code Ann. § 99-15-26 (Supp. 1993), or any similar provision in state or federal law therein of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit.... The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
Rule 6(a), Rules of Discipline for the Mississippi State Bar. In his petition for reinstatement, McHann claims that he should once again be granted the privilege to practice law in all the courts of the state of Mississippi.
In Burgin v. Mississippi State Bar, 458 So.2d 689 (Miss.1984), this Court identified two essential factors that must be met to justify reinstatement: moral character and legal learning.
All reinstatement petitions shall be addressed to the Court, shall state the cause or causes for suspension or disbarment, give the names and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct, the making of full amends and restitution, the reasons justifying reinstatement, and requisite moral character and legal learning to be reinstated to the privilege of practicing law.
Rule 12.7, Rules of Discipline for the Mississippi State Bar.
In addition, we have stated that “[t]he fundamental question which is presented by the petition for reinstatement ... is whether the applicant ... has been sufficiently rehabilitated in conduct and character since his disbarment to be safely readmitted to practice law.” Id.; Mississippi State Bar Association v. Wade, 250 Miss. 625, 167 So.2d 648, 649 (1964). Also Wade spoke of a second question, “... what will be the effect of his (applicant’s) readmission upon the conduct of others involved in the administration of justice?” Id. at 650. The burden is on the Petitioner to prove that he has been rehabilitated sufficiently to entitle him to reinstatement. Burgin, 453 So.2d 689, 691 (Miss.1984).
McHann indicates that he has conducted himself in a manner that demonstrates that he does possess the moral character required for reinstatement. McHann stated that he has a professional career as a real estate broker and has maintained the appropriate license necessary for this profession. Additional support for McHann’s contention that he has the requisite moral character to practice law in the state of Mississippi was provided by several letters submitted by practicing attorneys. Among these letters in favor of McHann’s petition for reinstatement was one submitted by Judge Thomas L. Zebert, Twentieth Chancery Court District. Judge Zebert offered a possible explanation for the incident which lead to the conviction and disbarment of his longtime colleague.
Bob was the father of a beautiful daughter who was sixteen years of age when she was tragically killed in a car wreck in 1989. This was some few months before his plea to the Federal misdemeanor in the U.S. State District Court of Mississippi regarding the H.U.D. allegations. I feel sure this tragedy in his life contributed to the emotions at the time of his problems.
These letters suggest that McHann does possess the requisite moral character. There is no precise method, however, to determine that a man or woman has made the moral adjustment desired.
No man or tribunal can fully comprehend the meditations of another human heart. At best, they can be approximated only. It follows therefore that a change of heart cannot be absolutely determined. To reach a just decision is indeed a difficult task which requires the highest objectivity in evaluating all the pertinent facts. The declarations of the person whose reformation is urge are worthy of solemn consideration, but more so are his overt acts and habits which disclose any professed changes in his moral attitude, practical beliefs and conduct.
Wade, 250 Miss. 625, 167 So.2d 648, 650 (1964).
*424 MeHann’s overt acts tend to demonstrate that of a man interested in practicing law and not a man prone to immoral behavior or conduct. McHann has made restitution due to his involvement in the Housing and Urban Development matter which led to his disbarment. He has cooperated with HUD in the subsequent civil case. In addition, McHann has subjected himself to scrutiny as a real estate agent with regard to many fiduciary relationships and he has been observed as possessing the requisite moral character that the practice of law commands.
With regard to the legal learning requisite for reinstatement, McHann has continued to read advance sheets of federal and state cases. Also, he has engaged in discussions with attorneys actively practicing law on current trends and developments in the law, and has attended continuing education seminars regarding real estate law. Ultimately, whether McHann possesses the requisite and required legal learning and ability is a matter to be decided if he takes and passes the Bar exam.[1]

CONCLUSION

For the foregoing reasons McHann’s petition for reinstatement to the Mississippi Bar is granted subject to his earning a passing score on the examinations required by Rule 12.5, Rules of Discipline for the Mississippi State Bar.
BOB L. McHANN’S PETITION FOR REINSTATEMENT TO THE MISSISSIPPI BAR IS GRANTED SUBJECT TO HIS EARNING A PASSING SCORE ON THE EXAMINATIONS REQUIRED BY RULE 12.5, RULES OF DISCIPLINE FOR THE MISSISSIPPI STATE BAR.
DAN LEE, C.J., PRATHER and SULLIVAN, P.JJ., and PITTMAN, McRAE, JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.

. Subsequent to the time of eligibility for reinstatement of an attorney suspended for six months or longer, the petitioning attorney suspended for six months or longer, the petitioning attorney shall take the Multi-State Professional Responsibility Exam, as prepared by the National Conference of Bar Examiners, and achieve a scaled score of not less than 80, if the Complaint Tribunal determines, on a case-by-case basis, that good cause exists to require the applicant for reinstatement to take such test. A disbarred attorney, prior to reinstatement, shall be required to take and pass the complete bar examination administered by the Mississippi Board of Bar Admissions and achieve the score then required for admission to the bar of new attorneys as well as passing the Multi-State Professional Responsibility Exam with the score required for admission of new lawyers. Rule 12.5, Rules of Discipline for the Mississippi State Bar.