797 So.2d 203 (2000)
In re PETITION OF Jack PARSONS for Reinstatement to the Practice of Law.
No. 1999-BR-01591-SCT.
Supreme Court of Mississippi.
July 27, 2000.
*204 Rebecca C. Taylor, Wiggins, Attorney for Appellant.
Michael B. Martz, Attorney for Appellee.
EN BANC.
COBB, Justice, for the Court:
¶ 1. On October 20, 1994, Jack Parsons was indicted by a federal grand jury on four counts, for offenses involving the laundering of illegal drug money through various real estate transactions. Eighteen months later he pled guilty in the United States District Court for the Southern District of Mississippi, to one count of conspiracy to commit money laundering, a felony. Based upon this plea, he was disbarred by an Agreed Order of Disbarment entered by this Court on June 13, 1996.
¶ 2. Parsons filed his Petition for Reinstatement on September 27, 1999, more than three years after his disbarment, and the Mississippi Bar conducted an investigation and filed its Answer on October 25, 1999, all pursuant to Rule 12 of the Mississippi Rules of Discipline.
¶ 3. Subsequent to the receipt of the petition and answer, but prior to this Court's final decision, a letter (with attached documents related to the underlying federal criminal proceedings which led to Parsons' disbarment) was sent to this Court by Circuit Court Judge Kosta N. Vlahos, joined by former Chancellor Robert H. Oswald. In it they requested this Court to appoint a board of inquiry or special master to develop the facts relevant *205 to the criminal charges. Immediately thereafter, counsel for Parsons sent a responsive letter to this Court (also with attached documents). After due consideration of the nature and gravity of reinstatement proceedings, pursuant to the authority of M.R.D. 12.8 this Court directed the Bar to file a response to the letters within 30 days, and Parsons to file a reply to the Bar's response within 10 days thereafter. Both filed timely responses.
¶ 4. We do not deem it necessary to appoint a board or special master. Having considered all matters before this Court en banc, we find that Jack Parsons's petition for reinstatement should be granted, contingent upon his passage of the Mississippi Bar Examination and the Multi-State Professional Responsibility Exam as required by M.R.D. 12.5.

STATEMENT OF THE FACTS
¶ 5. Following his guilty plea, Parsons served four months in confinement at the United States prison facility at Eglin Air Force Base, Florida. Upon completion of the confinement period, he was placed on supervised release for three years, during four months of which he was subject to electronically monitored home confinement. Parsons was also ordered to forfeit the $200,000 which was the amount of the down payment paid to him for real property owned by him which he had attempted to transfer in the money laundering transaction,[1] and to pay a $50,000 fine. Parsons has now completed all the obligations imposed upon him by the federal court.
¶ 6. In his Petition for Reinstatement, Parsons listed numerous reasons he felt justify his reinstatement. He also stated that his attorney during the original disbarment proceedings had represented to him that he would be reinstated without objection from the Mississippi Bar upon the passage of the three years mandated by M.R.D. 12.1. In its Answer, the Mississippi Bar neither admitted nor denied Parsons's allegations regarding the original disbarment proceedings and any agreements made therein, and stated that it was without sufficient information to admit or deny many of the other various statements. It did, however, provide details of its investigation, and listed the ways in which Parsons had complied with the requirements for reinstatement.
¶ 7. The Bar did not take a position concerning Parsons' petition for reinstatement in the Bar and the reissuance of his license to practice law in this State.

ANALYSIS
¶ 8. The reinstatement of suspended or disbarred attorneys is governed by Rule 12 of the Rules of Discipline. Burgin v. Mississippi State Bar, 453 So.2d 689, 690 (Miss.1984). The burden of proving that he has rehabilitated himself and re-established the requisite moral character sufficient to entitle him to reinstatement is upon the Petitioner. Id., at 691 (citing Ex parte Marshall, 165 Miss. 523, 147 So. 791 (1933)). The fundamental question to be addressed before reinstatement is the attorney's rehabilitation in conduct and character since the disbarment. Id. at 691 (citing Mississippi State Bar Ass'n v. Wade, 250 Miss. 625,250 Miss. *206 625, 167 So.2d 648 (1964)). Requirements for reinstatement, as provided by Rule 12 and expounded upon in Burgin, are that the petitioner shall state the cause or causes for suspension or disbarment; give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct; make full amends and restitution; state the reasons justifying reinstatement; and show that he has the requisite moral character and legal learning to be reinstated to the privilege of practicing law. Our analysis of these requirements in the present case leads us to conclude that Parsons's petition complies with M.R.D. 12.7.
¶ 9. First, the petition clearly stated the causes for Parsons's disbarment. Second, although it only indirectly addressed the issue of pecuniary loss, the statement that "there was no victim in the crime" is sufficient in this case. Because the criminal violation for which Parsons was convicted did not directly involve pecuniary loss to any person, party, firm or legal entity, and the United States District Court did not order restitution of any type, we do not here address any possible indirect pecuniary loss. Under the instant factual situation this requirement is not applicable.
¶ 10. Third, Parsons was ordered to pay and did pay the Bar's costs and expenses associated with its investigation and prosecution of the disbarment proceeding. Parsons also paid the $200,000 "forfeiture" and the $50,000 fine, and also completed the probation as ordered by the federal court. Thus the requirement that Parsons make full amends has been met.
¶ 11. Fourth, in support of his petition for reinstatement Parsons listed the following as reasons justifying his reinstatement: he had practiced law approximately forty years with a clean record; there was no victim in the crime; he had paid all fines in a timely manner; he had rehabilitated his character and conduct since the incident which led to his disbarment; he needs to be able to perform part-time legal work, particularly for his family corporation for which he has worked in a non-legal capacity consistently for the past three years; and he has continued to kept abreast of the law.
¶ 12. Fifth, in support of his having the requisite moral character, he cited his membership in the First Baptist Church of Wiggins for over forty years, his current attendance at both church services on Sunday and most Wednesday night services, and his teaching Sunday School and holding various other offices in the church. He provided seven letters of recommendation from attorneys, one from his pastor and one from the Executive Director of the Jackson County Baptist Association. He also stated that he had been married to Mrs. Parsons for over forty years.
¶ 13. Finally, with regard to his legal learning, Parsons stated that during the period of his disbarment he had read various periodicals and articles concerning matters of legal interest to him, although not on a scheduled basis. We do not find this to be sufficient to meet the legal learning requirement, but do find that this requirement will be satisfied if Parsons takes and passes the Mississippi Bar Exam and the Multi-State Professional Responsibility Exam pursuant to Rule 12.5 of the Mississippi Rules of Discipline.
¶ 14. In its investigation, the Bar went beyond the specific requirements set forth in M.R.D. 12.7 and addressed additional factors, including Parsons's mental and physical status, future plans, and financial *207 status.[2]
¶ 15. Apparently finding all the factors which were included in its investigation to be within an acceptable range, the Bar did not take a position concerning Parsons's reinstatement.
In Haimes v. Mississippi State Bar, 551 So.2d 910, 913 (Miss.1989), we stated:
This Court has the ultimate responsibility for the discipline of members of the Mississippi State Bar and for assuring that only those who adhere to the profession's high ethical standards are permitted the privilege of providing legal services to the public. On the other hand, we may not wholly sacrifice on the altar of bar integrity one suspended who thereafter complies with our rules regarding the conditions of suspension and the procedure for reinstatement.... If there be substantial reasons (unrelated to the conduct for which the suspension was originally imposed) why the suspended attorney should not be reinstated, it is incumbent upon the Bar to advise this Court of those facts with specificity so that this Court might determine whether a proper balancing of the relevant interests requires appointment of a master for an evidentiary hearing on the reinstatement request.
Clearly, the petitioner in Haimes sought reinstatement after suspension and not after disbarment as does Parsons. However, both of these critical situations vest in the Court the same grave responsibility. This Court sets great store in the Mississippi Bar's opinion of specific facts concerning evidence of the petitioner's merit of reinstatement or the lack thereof. Although the Bar has chosen not to take a position regarding Parsons's petition for reinstatement and the reissuance of his license, it presents this Court with no evidence that Parsons should not be reinstated to the Bar and to the practice of law within this State. This operates in Parsons's favor. See In re Medley, 687 So.2d 1219, 1220 (Miss.1997) (Mississippi Bar's not asserting any opposition to petition for reinstatement as a factor in this Court's consideration.).

CONCLUSION
¶ 16. The offense for which Parsons was disbarred was very serious. However, he has fulfilled all the requisite jurisdictional requirements for reinstatement and has demonstrated rehabilitation in conduct and moral character since the incident which led to his disbarment. For these reasons, Jack Parsons is reinstated to the practice of law in the State of Mississippi contingent upon his passage of the Mississippi Bar Exam and the Multi-State Professional Responsibility Exam, as required by Rule 12.5 of the Mississippi Rules of Discipline.
¶ 17. REINSTATEMENT GRANTED CONTINGENT UPON PASSAGE OF THE MISSISSIPPI BAR EXAM AND THE MULTI-STATE PROFESSIONAL RESPONSIBILITY EXAM.
PITTMAN AND BANKS, P.JJ., McRAE, WALLER AND DIAZ, JJ., *208 CONCUR. PRATHER, C.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. SMITH AND MILLS, JJ., NOT PARTICIPATING.
NOTES
[1] As part of its investigation of Parsons in connection with his petition for reinstatement, the Bar deposed him and inquired about the transaction involving the $200,000. Parsons stated that he agreed to sell the family strip mall in Gulfport, but "would not sell it for cash", because there would be a substantial gain and he did not want to pay the taxes. It was to be paid in installments, with the $200,000 to be the "down payment" according to Parsons. Upon further questioning Parsons acknowledged that nothing ever happened to the real property, stating "It's still ours."
[2] One factor considered summarily by the Bar was whether Parsons had been personally involved in any lawsuits. In the deposition of Parsons, he acknowledged that he had been sued for malpractice regarding a chancery case, and that he had countersued, stating that "... it's been so long, I've forgotten about it." This suit was filed sometime prior to Parsons being incarcerated in July, 1996, and apparently is still pending, but inactive, based on the Bar's statement in its Answer that the suit is "pretty much on hold". Although we do not today condition Parsons's reinstatement upon conclusion of this malpractice case, we strongly urge that this "forgotten" matter be resolved as soon as possible, and in no event later than his passing of the bar exam.