849 So.2d 852 (2002)
In the Matter of the Petition for REINSTATEMENT to the Practice of Law OF Thomas Eddy PARSONS.
No. 2001-BR-01533-SCT.
Supreme Court of Mississippi.
August 22, 2002.
*853 Tadd Parsons, attorney for petitioner.
Michael B. Martz, attorney for respondent.
EN BANC.
WALLER, Justice, for the Court.
¶ 1. Thomas Eddy Parsons, a 48-year-old disbarred former attorney and assistant district attorney, petitions for reinstatement to the practice of law. Finding that a more complete examination of the circumstances of the offenses and rehabilitation is warranted, we refer the case to a special master.

FACTS AND PROCEDURAL HISTORY
¶ 2. Parsons was disbarred by agreed order of disbarment on June 13, 1996, after he was convicted of two felonies in the United States District Court for the Southern District of Mississippi. Miss. Bar v. Parsons, 677 So.2d 192 (Miss.1996). The first conviction was based on one count of conspiring to possess with intent to distribute cocaine and five counts of possession with intent to distribute cocaine. Parsons was sentenced to 98 months imprisonment on each count with all sentences running concurrently. The second conviction was based on a guilty plea entered for enticing an individual to travel in interstate commerce for the purposes of prostitution in violation of the Mann Act. Parsons was sentenced to 60 months running concurrently with the 98-month drug convictions and fined $5,000. The overall sentence was later reduced to 80 months. After serving nearly six years (59½ months) in prison, he was released and placed on five years supervised and reporting probation and ordered to serve 200 hours of community service. Parsons's probation was originally scheduled to end on June 5, 2005, but it has since been terminated thirty-seven months early on April 30, 2002, by the federal court.

*854 DISCUSSION

¶ 3. We have exclusive and inherent jurisdiction concerning matters of attorney discipline and reinstatement. Rules of Discipline for the Miss. State Bar Rule 1(a). We review an attorney's petition for reinstatement under the de novo standard. In re Baker, 649 So.2d 850, 852 (Miss.1995). Also, we sit as the trier of fact and are not bound by any substantial evidence or manifest error rule. Id. No disbarred attorney shall file for reinstatement until three years after the date of the order of disbarment becomes final. Rules of Discipline for the Miss. State Bar Rule 12.1.[1]
¶ 4. The fundamental inquiry concerning reinstatement is "whether [the attorney] has rehabilitated himself in conduct and character since the suspension was imposed." McGuire v. Miss. Bar, 798 So.2d 476, 478 (Miss.2001) (quoting In re Mathes, 653 So.2d 928, 929 (Miss.1995)) (emphasis added). The oft-cited standard for reinstatement is as follows:
A court, in such a proceeding is not administering punishment; it is passing upon character. We do not believe it requires a long period to discipline and effect a rehabilitation of character. A firm resolve to live a correct life evidenced by outward manifestations sufficient to convince a reasonable mind clearly that the person has reformed is only required. In restoring a disbarred attorney, the principal question is whether that particular attorney would be safe to assist in administering justice, if readmitted; and the effect of his readmission upon the conduct of others, while important, is a subsidiary consideration. A man who has redeemed himself and become worthy to be readmitted should not be kept out of the profession to which, perhaps, he has devoted much of his life and means, because others might, possibly, be led to do evil.
Ex parte Marshall, 165 Miss. 523, 556, 147 So. 791, 798 (1933).
¶ 5. The Bar deposed Parsons as part of his reinstatement efforts. Parsons stated that some 42 people were granted immunity in his drug cases. Concerning the distribution, he stated that he purchased the drugs for use by himself and friends. He never sold any of the cocaine he possessed.[2] In fact, he stated that the cocaine purchased was for his own personal use and that of a few friends. He attributes his drug abuse to a bitter divorce and questionable social relations. All fines imposed were paid. While incarcerated at the Maxwell Federal Prison Camp in Montgomery, Alabama, Parsons voluntarily spent nearly 1300 hours training, developing, and working in a legal apprenticeship program assisting inmates with post-conviction, family, and other legal matters. Regarding the required community service, Parsons taught English to Spanish-speaking people who moved to the Wiggins area and maintained the grounds of the First Baptist Church. Parsons has maintained gainful employment in the family businesses since his release. Also, he submitted 15 letters of reference, ten from attorneys, three from Baptist pastors, one from the Supervisor of Education at the *855 Montgomery prison camp, and one from his probation officer. A few of the letters evidence knowledge of his prior acts and nonetheless recommend reinstatement. The point of all of these facts is not to state that Parsons's conduct was at all justifiable or defensible or to even argue that he is worthy of reinstatement but to illustrate the proposition that, in the context of a reinstatement, there is more to a consideration of an attorney's disbarring conduct than just the tenor of the charges and amount of time served. Such conduct may evidence want of personal integrity, but it was not in the nature of fraud, misrepresentation, or other reprehensible conduct for which attorneys have been disbarred and reinstated in Mississippi. See In re Holleman, 826 So.2d 1243, 2002 WL 1340977 (Miss.2002) (reinstating attorney convicted of possession of child pornography); In re Parsons, 797 So.2d 203 (Miss. 2000) (reinstating attorney convicted of conspiracy to commit money laundering); In re McHann, 691 So.2d 422 (Miss.1997) (reinstating attorney convicted of falsifying a document); In re Medley, 687 So.2d 1219 (Miss.1997) (reinstating attorney convicted of embezzlement of $16,000); In re Burgin, 654 So.2d 40 (Miss.1995) (granting conditionally petition of attorney convicted of conspiracy to defraud the United States government); In re Baker, 649 So.2d 850 (Miss.1995) (granting conditionally petition of attorney convicted of two counts of felonious embezzlement); In re Nixon, 618 So.2d 1283 (Miss.1993) (granting conditionally petition of attorney and former United States District Judge convicted of two counts of perjury); Miss. Bar v. Gautier, 538 So.2d 772 (Miss.1989) (reinstating attorney convicted of possession of cocaine); Phillips v. Miss. Bar, 427 So.2d 1380 (Miss.1983) (reinstating attorney convicted on nine counts of deceiving and conspiring to defraud the United States government). These cases suggest that attorneys can be worthy of reinstatement notwithstanding the severity of their conduct which prompted disbarment.
¶ 6. The case law in Mississippi regarding reinstatement of attorneys with drug convictions is quite divergent. In Williams v. Miss. State Bar Ass'n, 492 So.2d 578, 578 (Miss.1986), James Williams pled guilty to two charges of possession of sixty pounds of marijuana and was subsequently disbarred. We ordered a hearing on Williams's petition for reinstatement and appointed Retired Justice R.P. Sugg as special master. Id. Williams and eleven witnesses testified at the hearing. Id. Justice Sugg recommended that Williams's petition be denied. Id. We disagreed, found that Williams had shown sufficient proof of his rehabilitation, and granted his petition for reinstatement.
¶ 7. Now contrast the circumstances of Williams with those of David Massey's attempts at reinstatement. In re Reinstatement of Massey, 722 So.2d 452 (Miss. 1998) ("Massey III"); Petition of Massey, 670 So.2d 843 (Miss.1996) ("Massey II"); Petition of Massey, 633 So.2d 452 (Miss. 1994) ("Massey I"). David Massey pled guilty in federal court to conspiring to distribute 2400 Ecstacy pills and ten grams of cocaine. 670 So.2d at 843. Massey spent two years in federal prison and seven months in a half-way house. Id. After the expiration of his supervised probation, he applied for reinstatement. Id. Massey attempted on three occasions to be reinstated but this Court denied each basing its decision on the facts that Massey was a dealer, his letters of reference were not helpful, and he failed to "work with the segment of society that he harmed by distributing drugs." Id. at 845-46.
¶ 8. Justice McRae wrote separately in Massey II and made the reasonable point that "there are certain felony charges *856 which, upon conviction, should forever deny one the privilege to practice law. Being a major distributor of illegal drugs is one of those felony charges." Id. at 846. This sentiment is reflected in the amended Rule 12. However, Justice Banks wrote a dissenting opinion which was joined by Chief Justice Lee and Justice Roberts. Id. at 846. He noted that Williams was found with sixty pounds of marijuana which would suggest "a bit more than mere addiction" and the fact that Williams pled guilty to possession with intent to distribute both marijuana and methaqualone. Id. Justice Banks also expressed his concern about denying Massey's petition without a hearing, stating the following:
This is not to condemn the Court's action with regard to Williams or to suggest that, in the end, Massey should be accorded a similar result. It is to say that the cases, on their face, are not sufficiently distinguishable to dispense with the procedural care taken in Williams. I would not reach today's result without more fully examining the circumstances of the offense and the alleged rehabilitation through the mechanism of appointing a special master as we did in Williams.

Id. at 847.
¶ 9. Given the gravity of Parsons's felony convictions and our case law, we conclude that the best course of action is to appoint a special master to conduct further proceedings on the petition and to make a recommendation to this Court on the disposition of the petition. Referring the instant case to a special master is exactly the approach advocated by Justice Banks in Massey II. Parsons must still convince a special master who would be able to gauge his demeanor, remorse, and extent of his rehabilitation more accurately than this Court armed with just a deposition and a few motions. Only then, after a more developed record is generated, should we pass on Parsons's character for reinstatement.

CONCLUSION
¶ 10. We find that referral of Parson's petition for reinstatement to a special master is necessary to flesh out the extent of Parson's rehabilitation, to consider whether Parsons could safely assist in the administration of justice for the public, and to examine the possible effect of his readmission upon the conduct of others. See Ex parte Marshall, 165 Miss. at 556, 147 So. at 798. This ruling is justified out of an abundance of caution and fairness to Parsons and, more importantly, to the public the Bar is privileged to serve.
¶ 11. REFERRED TO SPECIAL MASTER PURSUANT TO RULE 3 OF RULES OF DISCIPLINE FOR THE MISSISSIPPI BAR.
PITTMAN, C.J., SMITH, P.J., CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., DIAZ, AND EASLEY, JJ., CONCUR IN RESULT ONLY. COBB, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
NOTES
[1] Rule 12 was amended effective April 4, 2002, to provide that certain conduct committed after April 4, 2002, would forever preclude an attorney from being reinstated.
[2] This is not to make light of Parsons's conviction for distribution because we have held that "distributing" includes "transactions which are sales as well as transactions which may not be considered sales." Meek v. State, 806 So.2d 236, 239-40 (Miss.2001) (quoting Rogers v. State, 599 So.2d 930, 934 (Miss. 1992)).