WALLER, Chief Justice,
 

 for the Court.
 

 ¶ 1. Attorney Doe
 
 [1]
 
 seeks reinstatement to the practice of law from inactive disability status and from a 180-day suspension imposed by the Complaint Tribunal. Finding that Doe has met the requirements for reinstatement, we find that Doe’s petition should be granted pursuant to Rule of Discipline 25.
 
 [2]
 

 
 *263
 
 FACTS AND PROCEEDINGS
 

 ¶ 2. On or about June 12, 2004, at the request of a prospective client, Doe scheduled a Sunday afternoon appointment. The prospective client met Doe at her office, where he brutally sexually assaulted her. As a result of this assault, Doe “suffered from severe emotional trauma as well as crippling anxiety, depression, and grief for a significant period of time,” which “rendered her incapable of managing her affairs or the affairs of others.” Due to fear and embarrassment, Doe failed to report the incident to anyone at the time.
 

 ¶ 3. Doe failed to respond to various informal complaints made against her, even after demands were made by the Bar. Thereafter, three formal complaints were filed against Doe by the Mississippi Bar, which were consolidated for trial by order entered June 13, 2006. At trial, Doe admitted the allegations contained in each of the formal complaints. Doe, through counsel, also revealed the circumstances which led to her “total inertia with respect to responding to the issues presented to her.”
 

 ¶4. On July 21, 2006, the Complaint Tribunal found that Doe had violated the following provisions of the Mississippi Rules of Professional Conduct: Rule 1.2(a), Rule 1.3, Rule 1.4, Rule 1.15(b), Rule 1.16(d), Rule 5.5, Rule 8.1(b), and Rule 8.4(a)(e), and (d). As a result, Doe was suspended from the practice of law in Mississippi for 180 days.
 

 ¶ 5. At the conclusion of the proceeding, Doe made an
 
 ore tenus
 
 motion for a transfer to inactive disability status pursuant to Rules of Discipline 17-24. The Complaint Tribunal granted Doe’s motion and entered an order transferring Doe to inactive disability status. Doe was enjoined from practicing law in the State of Mississippi until further order from the Supreme Court of Mississippi pursuant to Rule of Discipline 18.
 

 ¶ 6. A licensed psychiatrist
 
 [3]
 
 evaluated Doe and found that she suffered from post-traumatic stress disorder (PTSD) in the aftermath of the sexual assault, and that this ultimately led to her “bec[oming] too impaired to practice law....” A licensed professional counselor treated Doe for PTSD and anxiety for two years as part of a two-year monitoring contract which Doe entered into with the Lawyers and Judges Assistance Program (LJAP). Doe also submitted to monitoring by a member of the LJAP Committee as part of her contract.
 

 ¶ 7. On September 9, 2008, Doe filed the instant petition for reinstatement to active status pursuant to Rules of Discipline 12 and 25. Subsequently, the Bar conducted an investigation into the merits of Doe’s petition for reinstatement. Miss. R. Disc. 12.8. The Bar’s investigation focused on whether Doe had provided sufficient supporting proof of personal capacity to prac
 
 *264
 
 tice law, and included deposing both Doe and her therapist on October 15, 2008.
 

 ¶ 8. The Bar also investigated Doe’s compliance with her suspension order and whether she has the requisite legal learning necessary to practice law. The Bar concluded that Doe did comply with the order and that she has the requisite legal learning necessary to practice law.
 

 STANDARD OF REVIEW
 

 ¶ 9. This Court retains exclusive and inherent jurisdiction over matters pertaining to attorney discipline and reinstatement. Miss. R. Disc. 1(a). We review attorney petitions for reinstatement under a de novo standard and are not bound by any manifest-error or substantial-evidence rule.
 
 Stewart v. Miss. Bar,
 
 5 So.3d 344, 2008 Miss. LEXIS 452 at *3 (Sept. 18, 2008) (citing
 
 In re Baker,
 
 649 So.2d 850, 852 (Miss.1995)).
 

 DISCUSSION
 

 A. Procedural pre-requisites
 

 ¶ 10. Rule 25 of the Rules of Discipline for the Mississippi Bar provides the procedure for seeking reinstatement to the practice of law following personal incapacity, and requires the attorney to file a petition and provide any supporting proof of rehabilitation that may be required by the Bar.
 

 Procedures for reinstatement of an attorney suspended because of personal incapacity to practice law shall be, insofar as is applicable, the same as the procedure for reinstatement of an attorney following suspension upon disciplinary grounds. The petition for reinstatement shall be filed with the Clerk of the Court, and a copy of said petition shall be served upon the Bar, and it shall be under a duty to investigate the matter, respond to the petition and appear at the hearing.
 
 The petitioner shall be required to supply such supporting proof of personal capacity as may be necessary
 
 and, in addition, the attorney may be required to submit to examinations by physicians or psychiatrists selected by the Court. If satisfied that the attorney has regained his capacity to practice law, the Court may reinstate the petitioner to the practice and enter judgment accordingly; provided, however, no judgment of reinstatement shall be entered by default or on an ex parte basis, and in all cases the Court shall hear the Bar. A filing fee of two hundred fifty dollars ($250.00) to defray the expense of investigating the matter shall be paid the Bar upon the filing of each petition for reinstatement, and any petition for reinstatement subsequent to the initial petition shall not be filed within six (6) months from the date of an adverse determination of any prior petition.
 

 Miss. R. Disc. 25 (emphasis added).
 

 ¶ 11. The Bar has determined that Doe is in compliance with the requirements for reinstatement from inactive disability status and “strongly” recommends reinstatement.
 

 The medical evidence and testimony serve as overwhelming supporting proof, measured by objective means, that [Doe] possesses the personal capacity to practice law. [Doe] followed the recommendations of the LJAP and sought appropriate treatment. [Doe] has devoted the requisite time and energy necessary to continue her recovery from the traumatic and tragic circumstances that led to her personal incapacity to practice law and has sufficiently shown that she is able to resume practicing law. Therefore, [t]he Mississippi Bar strongly supports [Doe’s] Petition for Reinstatement from Inactive Disability status.
 

 
 *265
 
 B. Review of the petition
 

 Contract with LJAP
 

 ¶ 12. In August 2005, Doe entered into a two-year monitoring contract with the LJAP. One condition of this contract required Doe to seek individual counseling to manage her illness. The LJAP referred Doe to a licensed professional counselor, who first saw Doe in November 2005.
 

 ¶ 13. The affidavit of Doe’s counselor states that she believes that Doe “is no longer impaired ... and is completely prepared to resume her professional responsibilities as a full-time practicing attorney. Her greatest strength is her ethical foundation to fairness and honesty.” The counselor reiterated during her deposition that Doe can return to the full-time practice of law if reinstated, that Doe has reached a functional level in interpersonal interactions, and that Doe possesses the capacity necessary to practice law ethically and professionally. She believes that Doe has adequate control of her emotions and is coping with the sadness, anger, and fear resulting from her traumatic experience.
 

 ¶ 14. Also as part of her agreement with the LJAP, Doe submitted to monitoring by a member of the LJAP Committee. Doe’s monitor submitted an affidavit which provides that “[Doe] participated in the monitoring required by her LJAP contract, and that she not only completed the monitoring required by her contract but participated in the monitoring past the expiration of her LJAP contract.”
 
 [4]
 
 The monitor concluded that she has “seen nothing ... indicating any problem that would prevent [Doe] from practicing law.” This belief is supported by Chip Glaze, Clinical Director of the LJAP. Glaze’s report states that Doe has successfully completed her two-year monitoring contract with the LJAP.
 

 ¶ 15. During her deposition, Doe testified about the counseling and treatment she has received, as well as the monitoring conducted by the LJAP Committee member. Doe admitted that she had dealt with the assault in an inappropriate way, and provided significant detail regarding how she copes with her emotions today. She stated that she does not consume alcohol or use drugs, except for the medications prescribed for her.
 

 Medical report
 

 ¶ 16. Doe submitted with her petition for reinstatement a medical report of a licensed psychiatrist, who believes that Doe “is fully capable of practicing law again, without any restrictions.”
 
 [5]
 
 The report provides that Doe “has recovered from her psychiatric conditions,” “is currently quite stable,” and “has adequate emotional control, interpersonal comfort, and mental energy and concentration to sustain [sic] for 10-12 hours per day.” The report also notes that Doe has undergone intensive counseling and has taken antidepressant and antianxiety drugs with substantial benefit.
 

 Personal recommendations
 

 ¶ 17. The affidavits of eight Mississippi attorneys, as well as a chancery court judge, are attached to Doe’s petition for reinstatement. Each of these individuals supports Doe’s reinstatement, and each of their affidavits provides that Doe “is an intelligent, hard-working woman who is
 
 *266
 
 knowledgeable of the law, who was, and will resume being a competent and ethical attorney and an asset to the legal community and the Mississippi Bar.”
 
 [6]
 
 The affidavit of Doe’s employer states that “[Doe] possesses the high moral standards that are necessary for the competent and effective practice of law.”
 

 Employment during inactivity
 

 ¶ 18. Beginning on July 21, 2006, and continuing up to the date of her petition for reinstatement, Doe has worked for a licensed attorney as an office manager/bookkeeper, and has performed such duties as answering the phone, posting billing slips, accounts payable, copying, filing, ordering office supplies, and dealing with office-equipment vendors. Doe has not engaged in the practice of law.
 

 MPRE
 

 ¶ 19. While not required as a condition for reinstatement from inactive disability status, Doe took the Multi-State Professional Responsibility Examination in August 2007. Her score report indicates that she received a scaled score of 104, well above the scaled score of 80 required by Rule of Discipline 12.5. Miss. R. Disc. 12.5.
 

 CONCLUSION
 

 ¶ 20. In light of the foregoing evidence and testimony, we find that Doe is in compliance with the requirements for reinstatement from inactive disability status. Doe’s petition for reinstatement from inactive disability status pursuant to Rule of Discipline 25 is granted.
 

 ¶ 21. DOE’S PETITION FOR REINSTATEMENT TO THE PRACTICE OF LAW IS GRANTED.
 

 CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ„ CONCUR.
 

 [1]
 

 . This case was filed under seal, and this opinion will use the name "Doe,” rather than the petitioner's name, to preserve confidentiality.
 

 [2]
 

 . Doe sought reinstatement pursuant to Rules
 
 *263
 
 12 and 25 of the Rules of Discipline. Because the Complaint Tribunal suspended Doe for 180 days, Rule of Discipline 12, which applies only to suspensions of six months or more, is inapplicable.
 
 See
 
 Miss. R. Disc. 12(a) (“No person ... suspended for a period of six months or longer shall be reinstated ... except upon petition to the Court.”);
 
 see also, e.g., Miss. Bar v. Alexander,
 
 669 So.2d 40, 44 (Miss.1996) (Banks, J., dissenting) (“the 180 day suspension is significantly different from that imposed here [6 months] because, under our rules a suspension of six months or more requires a petition for reinstatement”); Miss. Code Ann. § 1-3-29 (Rev.2005) ("The term 'month,' when used in any statute, means a calendar month, unless a contrary intention be expressed.”).
 

 [3]
 

 . Information which may compromise Doe’s confidentiality has been omitted from this opinion.
 

 [4]
 

 . Betty Daugherty, Director of the LJAP, submitted a letter to the Bar confirming that Doe had fulfilled her contract with the LJAP.
 

 [5]
 

 . During the October 15, 2008, deposition, when questioned about the psychiatrist's medical report, Doe’s counselor stated that she agreed with the psychiatrist’s assessment that Doe has the capacity to return to the practice of law.
 

 [6]
 

 . Doe made clear during her deposition that each affiant was aware of her circumstances when making his or her recommendation that she be allowed to return to the practice of law.