# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-BR-00430-SCT

*IN RE: REINSTATEMENT OF ATTORNEY ROE*


ATTORNEY FOR PETITIONER:        PIETER JOHN TEEUWISSEN
ATTORNEY FOR RESPONDENT:    ADAM BRADLEY KILGORE
NATURE OF THE CASE:            CIVIL - BAR MATTERS
DISPOSITION:                      PETITION FOR REINSTATEMENT
                                        GRANTED - 05/27/2021

MOTION FOR REHEARING FILED:
MANDATE ISSUED:


**EN BANC.**

**KING, PRESIDING JUSTICE, FOR THE COURT:**

¶1.      Attorney Roe[1] petitions this Court for reinstatement to active bar status after being on disability inactive status since 2002. Because the record indicates that Roe's disability is removed and because circumstances and justice so require, this Court grants Roe's petition for reinstatement.

## FACTS AND PROCEDURAL HISTORY

¶2.      Roe was suspended from the practice of law for ninety days in 2002 due to a variety of disciplinary infractions in three separate cases. Roe did not appear before the Mississippi Bar to defend the underlying cases. Following her suspension, Roe was placed on personal

---

[1]This Court granted the unopposed motion to treat this cause as confidential due to sensitive health information. This opinion in will refer to the petitioner as "Roe" and will eliminate information that could compromise Roe's confidentiality. *See **In re Reinstatement of Doe**,* 22 So. 3d 262, 263 n.3 (Miss. 2009) ("Information which may compromise Doe's confidentiality has been omitted from this opinion.").

incapacity/disability inactive status until further order of this Court due to her mental health condition. The disciplinary infractions and the subsequent failure to respond to the bar complaints against her were a result of severe depression and anxiety that resulted in an impairment of cognitive function. Additionally, Roe was enduring a significant personal crisis. Roe's condition caused her to avoid people, including clients, as well as led to a lack of concentration and extreme insomnia. At the time, Roe was also unable to recognize the repercussions of her mental health condition.

¶3. Roe participated in two weeks of inpatient treatment for her depression, and then she participated in outpatient treatment. Over the course of the years, she has also seen therapists, psychiatrists, and psychiatric nurse practitioners regarding her mental health condition. Roe has tried several different medicines to treat her depression, and since 2013, she has been medicated with Cymbalta, which has worked well for her. With the help of treatment, Roe represents that she is now able to be vigilant regarding any sign that her mental health condition is compromised.

¶4. In 2003, Roe began voluntarily participating in the Lawyers and Judges Assistance Program (LJAP), despite not being required to do so by the 2002 order placing her on disability inactive status. Since that time, she has participated in sessions with LJAP twice a month, with the exception of an approximately three-year period in which she was unsure that she wanted to return to the practice of law. Roe also entered into a monitoring contract with LJAP, despite not being required to do so. For several years, Roe held nonlegal employment, some part-time, then graduated to full-time nonlegal work. Eventually, she

2

began to miss the challenges of the law and believed her mental health to be robust enough to attempt a return to legal work. To ease herself back in, she began working in various positions of legal assistant and office manager, and then began working as a paralegal. She testified that she began her transition back into the law via positions in which she was not responsible for final decision-making in cases to ensure her mental health was not negatively impacted. After success with gradually increasing her responsibility and challenges in the legal field, she began working full time as a law clerk, a position she still holds. Roe has not engaged in the unauthorized practice of law.

¶5. On April 30, 2020, Roe petitioned this Court for an order reinstating her license to practice law. She represents that she repaid the clients from her 2002 proceedings any unearned fees and helped them find substitute counsel as applicable. She submitted to an LJAP-approved psychiatrist, who noted that her depression was in full remission and noted that she was high functioning. The social worker who facilitates Roe's LJAP group also wrote a letter indicating her belief that Roe was fit to return to the practice of law. She noted that Roe's depression had been in remission for a number of years and that she "support[s] her efforts for reinstatement to the Mississippi Bar and ha[s] no reservations about her fitness to practice law."

¶6. Roe also submitted four letters of recommendation supporting her reinstatement, three from attorneys who have known her for many years and one from her current employer. Her current employer wrote in detail about Roe's "exemplary" work as a law clerk and about her honesty regarding her past mental health struggles. Her employer also noted that her position

3

as a law clerk allows her to keep up to date on legal issues. Her employer concluded that "[n]o one working with her today in any capacity would ever know that [Roe] struggled with depression in the past. She is not only extremely capable, she is exuberant, energetic and personable. . . . As her supervisor and the person most familiar with her current capabilities, I repeat, I strongly support her petition for reinstatement." Further, Roe noted her involvement in the community, including church and volunteer activities.

¶7.    This Court ordered the Mississippi Bar to investigate and respond to the petition. The Bar conducted its investigation, reviewing the information submitted by Roe and the medical information, as well as taking Roe's deposition. The Bar found that Roe was forthcoming in both her petition and her deposition regarding the reasons behind her disciplinary suspension and her disability inactive status. The Bar concluded that Roe is in compliance with the requirements for reinstatement from disability inactive status. It noted that "[t]he medical evidence and testimony submitted supports [sic] that [Roe] possesses the necessary personal capacity to properly manage herself, her affairs or the affairs of others with the integrity and competency requisite for the proper practice of law."

## ANALYSIS

¶8.    This Court "has exclusive and inherent jurisdiction of matters pertaining to attorney discipline [and] reinstatement[.]" Miss. R. Discipline 1(a); *In re Reinstatement of Doe*, 22 So. 3d at 264. This Court reviews petitions for reinstatement de novo. *Doe*, 22 So. 3d at 264.

¶9.     Rule 23 of the Mississippi Rules of Discipline[2] governs the process for an attorney seeking reinstatement to the Mississippi Bar following placement on disability inactive status. Rule 23(b) provides that

> Procedures for reinstatement of an attorney transferred to disability inactive status shall be, insofar as is applicable, the same as the procedure for reinstatement of an attorney following suspension upon disciplinary grounds. The petition for reinstatement shall be filed with the Clerk of the Court, and a copy shall be served upon the Bar, An investigatory fee of $1,000.00 shall be paid to the Bar in addition to any other sum due to the Bar. The petition shall include a status report from LJAP regarding the attorney's treatment, monitoring, and compliance, In addition, the attorney shall obtain an examination by a medical expert approved by LJAP specifically addressing the removal of the attorney's disability and include the report with the petition. The expense of the examination shall be borne by the attorney.

Miss. R. Discipline 23(b). After receiving the Bar's investigation and recommendation, this Court "may grant or deny the petition as circumstances and justice require." Miss. R. Discipline 23(c).

¶10.    This Court need not look to the procedures for reinstatement on disciplinary grounds, as they are not applicable, and Rule 23 states that they govern only insofar as applicable. *Doe*, 22 So. 3d at 262 n.2 ("Because the Complaint Tribunal suspended Doe for 180 days, Rule of Discipline 12, which applies only to suspensions of six months or more, is inapplicable."). Rule 12 governs disbarments, suspensions for six or more months, certain felonies, and certain civil judgments, none of which apply to Roe. *Id.*; Miss. R. Discipline 12; Miss. R. Discipline 23. Further, Rule 12 specifically provides that "[r]einstatement to

_____

[2]When Roe was placed on disability inactive status, Rule 25 governed a petition for reinstatement from disability inactive status. In 2019, the procedure was amended and renumbered as Rule 23. Roe asserts that current Rule 23 governs her petition.

the practice of law following an attorney's transfer to disability inactive status is governed by Rule 23 of these Rules." Miss. R. Discipline 12(c).

¶11. In compliance with Rule 23(b), Roe submitted a letter from the LJAP social worker who leads her bimonthly therapy group supporting her reinstatement and noting that she has attended the group regularly since 2003.[3] Roe likewise submitted to an LJAP-approved medical expert who addressed the removal of her disability by determining that Roe's depression was in "full remission" and that she was high functioning. The report noted that, since 2013, she had been successfully taking Cymbalta to help manage her depression, and that it may even be possible to lower her dosage.

¶12. In addition to the necessary documents, Roe submitted several letters of recommendation from other attorneys who have known her for many years, who know of her mental health situation, and who unequivocally and enthusiastically support her reinstatement. Roe also submitted a lengthy letter of recommendation from her current employer, for whom she has worked full time in a legal capacity since 2016. Her employer's recommendation details her work, expresses knowledge of her mental health condition, and also unequivocally and enthusiastically supports her reinstatement.

¶13. Roe was also deposed by the Mississippi Bar. In her deposition, she was forthright about the past disciplinary actions and her past mental health and personal struggles. Roe detailed both her mental health history since 2002 and her employment history. She detailed frequently and regularly seeking medical and mental health treatment for her mental health

---

[3]The original order placing Roe on disability inactive status did not require LJAP monitoring or a contract, thus, compliance with any required terms is not applicable.

6

conditions, as well as trying various medicines.  She detailed a slow, careful, and thoughtful return to employment, first part time in a nonlegal field, then full time in a nonlegal field, then moving to a legal office manager/assistant position, then moving to a paralegal position, and last taking a position as a law clerk.  Her employment history in the legal field for the last several years has been exemplary. She has also been active in the community during this time.

¶14.   Overall, the record evinces that, since 2002, Roe has shown great dedication to bettering and maintaining her mental health condition, great dedication to the legal field, and thoughtful and deliberate consideration of how to merge those two areas without either area suffering negative consequences.  It indicates that her disability has been removed as her depression is in remission and that she has become highly aware of her mental health and can more easily recognize when to seek help before her mental health condition deteriorates.  Roe has also kept abreast of the law, using it for her employment as a law clerk, and she also testified that she reads the Mississippi Supreme Court and Court of Appeals cases.  The Bar recommends her reinstatement.

## CONCLUSION

¶15.   Based on the evidence presented, this Court finds that Roe is in compliance with the requirements for reinstatement from inactive disability status.  Accordingly, we grant Roe's petition for reinstatement pursuant to Mississippi Rule of Discipline 23.

¶16.   **PETITION FOR REINSTATEMENT GRANTED.**

**RANDOLPH, C.J., KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**